## STATE *v.* V. JACOB.

The fifth section of the Act supplementary to the Act for punishing crimes and misdemeanors, (B. & C. p. 270) approved 7th February, 1829, must be construed according to the English text:

After the evidence had been concluded, and after the argument had closed, the counsel for the accused asked that the District Attorney should be compelled to choose between two counts in the indictment, and select on which of the two he would ask the verdict of the jury. The court refused to compel the District Attorney to make the selection. *Held :* The charges are not so distinct as in any manner to confound the prisoner or to distract the attention of the jury. The application should have been made before pleading to the indictment. The refusal of the District Court was correct.

Where the signification of the French and English text of the law is different, the Judge cannot charge the jury that neither text can have the effect of the law.

The District Court did not err in refusing to charge the jury that an ordinary pocket knife was not a dangerous weapon, within the meaning of the fifth section of the Act of February 7th, 1849, entitled "An Act supplementary to an Act entitled an Act for the punishment of crimes and misdemeanors." Nor did the court err in refusing to instruct the jury under that statute that, to justify the verdict of guilty against the accused, the evidence must show that the wound was inflicted with a concealed weapon, or if not, the jury must be satisfied, that if death had resulted, the defendant would have been guilty of murder.

APPEAL from the District Court of the Parish of Terrebonne, *Cole*, J. *Roman*, District Attorney, for plaintiff. *J. C. & A. Beatty*, for defendant and appellant.

OGDEN, J. We had occasion in the case of the *State* v. *Lovenstein*, 9 A., recently decided, to consider the first question presented by this appeal, as to the proper construction of the fifth section of the act of 1829, under which the first count in the indictment in this case was framed.

We consider it settled by that decision that the English text is to govern as being free from ambiguity and creating two distinct offences. One of these offences, to wit, that of inflicting with a dangerous weapon, a wound less than mayhem, is properly charged in the indictment.

The charge in the first count is that the accused "feloniously, wilfully and unlawfully, inflicted a wound less than mayhem upon the said *Raphael Callahan*. The second count is for an assault and battery. By a bill of exceptions in the

record it appears that after the evidence had been concluded, and after the argument had closed, the counsel of the accused asked that the District Attorney should be compelled to choose between the two counts in the indictment, and select on which of the two he would ask the verdict of the jury. The court refused to require him to make such selection, and the jury found the accused guilty on both counts. This is assigned as error. The charges are not so distinct as in any manner to confound the prisoner or distract the attention of the jury, and the application should have been made before pleading to the indictment. Chitty on criminal law, p. 248, 249.

A bill of exceptions was taken to the refusal of the Judge to charge the jury that where the text of the law, published in the two languages, was entirely different in signification and effect, in such case, neither of them could have the effect of law. The court very properly refused to give this charge.

The court was further requested to charge the jury " that if the knife used by the defendant was shown by the evidence to be an ordinary pocket knife, such as is commonly used by planters for proper purposes, and was not by the accused specially provided for this occasion," that then it is not a dangerous weapon within the meaning of the law, and " that to justify a verdict of guilty against the accused under the law of 1829, (if at all in force) the evidence must show that the wound was inflicted with a concealed weapon, or if not, that the jury must be satisfied, that if death had resulted, the defendant would have been guilty of murder." We are of opinion the Judge did not err in refusing to give such instructions.

It is therefore adjudged and decreed that the judgement be affirmed with costs.