State vs. Maas.

No. 9332.

THE STATE OF LOUISIANA vs. ALEXANDER MAAS.

Any fraudulent making or alteration of any writing mentioned in our statute, or writing included in the terms therein used, constitutes the crime of forgery.

It is not necessary to set out in the indictment the particular acts that constitute the crime, but is sufficient to charge that the defendant did feloniously forge a certain cheque.

The charge that the defendant forged a cheque or bill of exchange is not vicious for duplicity. A cheque may be described in an indictment for forgery as a cheque or bill of exchange.

The object of our statute in permitting the forged instrument to be described by its ordinary designation was to exclude the need of designating it by its exact legal name.

APPEAL form the Sixth District Court, Parish of Morehouse. *Brigham*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*David Todd* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. From a conviction of forgery and sentence to hard labour the defendant appeals and assigns as error that the court overruled his motion in arrest of judgment, made on the grounds that the indictment failed to set out the facts or acts which constituted the crime of forgery, and that the forgery charged was of a cheque or bill of exchange which he alleges is duplicity in pleading.

Our statutes have wisely liberalised criminal pleadings in the interests of public justice without abridging the protection of innocent persons accused of crime. The technical rules governing the structure of indictments had been extended by judicial construction until the system became a contrivance to facilitate the escape of criminals rather than a means of ensuring their punishment, and England led the way for the abolition of most of the useless and cumbrous requirements of the common law and simplified criminal pleading so intelligently that her statutes have been copied by most of our States.

Thus in indictments for forgery it was formerly necessary to set out the forged instrument or a fac simile thereof, and to give its appropriate designation, and it was sacramental that the particular person whom the accused intended to defraud should be mentioned. These former essentials are now dispensed with and it is now sufficient to describe the forged instrument by any name or designation by which it may be usually known, and neither a copy nor fac simile nor any description otherwise of it or of its value is now necessary. Rev. Stats. sec. 1049. Neither need the name of any person intended to be de-

frauded be mentioned, nor need it be proved that the intention was to defraud any particular person, but merely that the forgery was committed with intent to defraud. Ibid sec. 1052. The punishment of this crime is provided for in our statute by the words "whoever shall forge or counterfeit or falsely make or alter * * * a bill of exchange, promissory note, order for the payment of money," etc., leaving us to ascertain what forgery is from the common law definitions as was enacted in the Act of 1805. State vs. Smith, 30 Ann. 847. Blackstone defines it as the fraudulent making or alteration of a writing to the prejudice of another man's right. Any fraudulent making or alteration of any of the writings set out in our statute, Rev. Stat. sec. 833, feloniously done with intent to defraud constitutes the crime of forgery, and it is no more necessary to set out the facts or acts that constitute the crime than it is to set out the definition of forgery instead of using the word forge. The statute says "whoever shall forge" and we know what acts constitute forgery from the common-law definition of it. The indictment is sufficiently explicit therefore when it charges that the accused " did feloniously and falsely forge a certain cheque or bill of exchange for the sum of one hundred dollars with the felonious intent thereby to defraud."

The contention of the defendant goes even further than this and is that the indictment must charge in what respect or particular the writing has been forged, i. e. whether the name was forged, or a figure altered or inserted, or any other act done that constitutes forgery, and this for the purpose of putting the accused on his guard. This would be a very convenient rule for him, for if the forgery charged should be one of these acts and the forgery proved should be another an acquittal would follow. The statute only requires that forging the writing be charged generally and any act of forgery proved will sustain it."

It is true the common law required the facts or acts of an accused party to be set out in an indictment so that it might be seen whether they amounted to or constituted the crime of forgery, and those of our American States that retain the common law unaltered yet require such acts to be set out. But this requirement and many others were dispensed with by a statute of Victoria and the sections of our statutes above quoted are copies of some of the clauses of that Act. The indictment of the defendant is copied from one of the forms given by Archbold.

It would be strange indeed if our law still required the ancient form of indictment for forgery and the recital of the specific acts that con-

stitute it, when it has not only dispensed with setting out the forged instrument or a *fac simile*, but has also dispensed with any description of it otherwise and even the value need not be stated, nor the person who was intended to be defrauded.

The second error assigned is in the use of the words "cheque or bill of exchange" and the argument is that they are not one and the same but in law two different instruments.

The object of our statute in permitting the forged instrument to be described by its ordinary designation was to exclude the need of designating it by its exact legal name. In point of fact the word "cheque" does not occur in our statute. Rev. Stats. sec. 833, but the words "order for the payment of money" include it, and therefore the statute is to be read as if "cheque" by name was inserted. Now it has been held that a bank cheque may be described in an indictment for forgery as an order for the payment of money or as a bill of exchange. State v. Morton, 27 Vermont, 310, or it may be described as a warrant and order for it is both. 3 Waterman's Archb. Cr. Pr. & Pl. 558-9. So a description of the forged instrument as a warrant *or* order is not charging the offence disjunctively and affords no ground to arrest the judgment. State v. Holley, 1 Brevard 35, and the words warrant and order in an indictment for forgery are synonymous with warrant or order. State v. Jones, 1 McMullan, 236.

This ground of error is therefore not maintainable.

Judgment affirmed.