State vs. Vallery.

No. 11,696.

STATE OF LOUISIANA VS. CHARLES M. VALLERY.

The admissions of the accused will not be excluded merely because the witness testifying to it states he can not recollect all that was said by the accused, there having been no interruption of the admission and nothing to indicate it was subject to any qualification.

The statement of the accused that he would shoot the deceased, quickly followed by the killing, is admissible as part of the *res gestæ*. Greenleaf on Evidence, Sec. 308.

The court again affirms that threats of the deceased, or his dangerous character, can not be proved by the accused indicted for murder unless in aid of self-defence, after an attack or demonstration by the deceased, menacing the life of the accused, is first proved; and whether such overt act was proved the court must determine from the bill and the qualifying statement of the trial judge. Constitution, Art. 81; 36 An. 158; 37 An. 862, 443.

Applications for new trials in criminal cases must rest largely in the discretion of the trial judge, and unless the bill shows clearly the requisite basis for the application the ruling of the trial judge will not be disturbed.

APPEAL from the Tenth Judicial District Court, Parish of Rapides. *Andrews, J.*

*M. J. Cunningham*, Attorney General, and *Phanor Breazeale*, District Attorney, for Plaintiff, Appellee.

*J. F. Ariail* and *H. H. White* for Defendant, Appellant.

The opinion of the court was delivered by

MILLER, J. The defendant, convicted and sentenced for murder, appeals to this court, relying on several bills of exception.

One of these bills is to admission of testimony of the expression of the accused, that he would put fourteen buckshot into the deceased. The objection urged to this testimony was, that forming part only of the declaration of the accused, it could not be admitted, and it was hearsay. It appears by the bill that the wife of the deceased overheard the remark of the accused, that he would put the shot into the deceased. The remark was made in an adjoining room of the house, the common dwelling, we infer, of the accused and the deceased. The witness states she can not recollect all that the accused said, but is quite distinct as to the remark in question. The general rule is, that the confession sought to be urged against the accused

must be used in its entirety, so that he may have the benefit of any exculpation or explanation his whole statement may afford. Undoubtedly, where the confession offered was interrupted, or there are circumstances suggesting that the confession or declaration on the point involved was incomplete and would be modified, if all that the accused said was before the jury, in all such cases the portion of the statement offered should be excluded. Here the declaration preceding, by only a short time, the killing, appears to be complete as to the purpose. There is nothing to suggest or afford any basis for the inference of any qualification or modification. We think the tendency of the authorities in such cases is to let the testimony go to the jury, and that the objection is only to its effect, of which the jury is to judge.

Another question raised by the exception is as to the exclusion of testimony offered by the defendant to show the dangerous character of the deceased. Such testimony has no tendency to justify killing, except when self-defence is set up and the accused proves a hostile demonstration on the part of the deceased, menacing the life of the accused. Then proof of the dangerous character of the deceased is admissible, as tending to show the reasonable belief of danger under which the accused killed the deceased. Testimony of character is, hence, wholly irrelevant, and should be excluded, unless the requisite basis, usually termed the overt act of the deceased, is first proved. Wharton's Criminal Law, Secs. 69-70. This court has no means of determining whether this requisite basis has been laid, except from the bill of exceptions and the qualifying statements of the trial judge. It may be said that the weight attached to the statements in the bill tends to impair the efficacy of the appeal, presenting questions of law dependent on the facts developed before the trial judge. But none the less, this court, in determining such questions, must be governed by the bill, with the additions of the trial judge. Of course, the bill always claims the overt act was proved. Now, in this case, the statement of the trial judge is that no basis existed to permit the introduction of character testimony, and the asserted overt act of the deceased was, in fact, an effort to defend his life. We are bound by the bill, and thus tested, the testimony was properly excluded. Const., Art. 81; State vs. Miller, 36 An. 158; State vs. Kerwin, 37 An. 782; State vs. Jackson, 37 An. 896; State vs. Ford, 37 An. 443.

Under another bill it is pressed upon us that a new trial should

have been granted on the ground of newly discovered evidence. As we glean it from the bill, testimony was given by the State as to the kind of coat the accused wore the night of the offence, and this it is charged in the bill, surprised the accused. The newly discovered evidence the bill attributes to witnesses, who, if permitted, it is claimed, will swear, one, that the accused, in prison that night, wore a different kind of coat, and that coat "was as it is now cut, but the cuts seem to have become longer through wear," and both witnesses, it is claimed, will give testimony tending to show there was in the prisoner's cell no other but that of the kind different from that to which testimony was give on the trial. The grounds of the application to procure testimony of those near at hand, and with whom the accused had been in contact during his confinement awaiting trial, does not impress us favorably. Nor did it the trial judge. It is our jurisprudence not to reverse the rulings of the trial judge unless the basis for such reversal is clearly shown.

As to the other point presented by the bill—*i. e.*, the right of the trial judge to appoint a District Attorney in this case, we think the power is clearly conferred by the Act No. 74 of 1876.

It is therefore ordered that the sentence of the lower court be affirmed.