(36 South. 626.)

No. 15,190.

### STATE v. WOODS.

(May 9, 1904.)

FORGERY — INDICTMENT—DESCRIPTION OF INSTRUMENT — DUPLICITY— INSTRUCTIONS—EXAMINATION OF WITNESSES—DISCRETION OF TRIAL COURT—BILLS OF EXCEPTION.

1. An indictment charging the forgery of an indorsement on a school warrant issued by the school board of the parish, for a certain sum of money, payable to a certain person, sufficiently describes the forged instrument, and it was not essential to charge that the warrant was payable to order. "Warrant" and "order" are synonymous, and the statute reads "indorsement of assignment." Act No. 67 of 1896, p. 99; McClain, Criminal Law, 753; State v. Clement, 42 La. Ann. 583, 7 South. 685; State v. Maas, 37 La. Ann. 292. Description by "any name usually known" suffices. Rev. St. § 1049.

2. Motions to elect for duplicity come too late after the jury is sworn. Rev. St. § 1064.

3. Bills of exception, where jurors are challenged for cause and the challenge overruled, should show that such jurors were accepted and sworn, or were challenged peremptorily by accused, who exhausted his peremptory challenges before a full jury was obtained.

4. Bills of exception to the admissibility of evidence should show its materiality, relevancy, reception, and probable injury to the accused.

5. The trial judge has the right to question witnesses, and his discretion will not be interfered with unless in case of palpable abuse.

6. Special charges requested should be applicable to the facts of the case, and the bill should show their relevancy, especially where the trial judge states in his reasons that they had "no connection with the facts elicited on the trial."

7. Questions of law arising on the face of the indictment should be determined by the court and not by the jury.

8. The proposition that the state must prove "that the forged indorsement has a similitude to the genuine signature of the party," if not erroneous, requires qualification. "It is sufficient if there be a bare possibility of imposing on another." State v. Gryder, 11 South. 573, 44 La. Ann. 962, 32 Am. St. Rep. 358.

9. The question whether the forged instrument was offered in evidence was one of fact for the jury.

10. Special charges substantially embraced in the written charge are properly refused.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; T. Don Foster, Judge.

A. S. Woods was convicted of forgery, and appeals. Affirmed.

Martin & Voorhies, for appellant. Walter Guion, Atty. Gen., and Edwin Sidney Broussard, Dist. Atty. (Lewis Guion, of counsel), for the State.

LAND, J. The accused was indicted in one count, as follows, viz.: "One Arthur S. Woods, late of the parish of St. Martin aforesaid, on or about the 10th day of June, in the year one thousand nine hundred and three of our Lord, did present and give to John R. O'Donohue, of the parish of St. Martin aforesaid, a school warrant, numbered 769, issued by the school board of the parish of St. Martin aforesaid, and made payable to John Trosclair, for thirty dollars; and for the purpose of obtaining money, on or about the 10th of June, in the year 1903 of our Lord, at the parish of St. Martin

aforesaid, feloniously did falsely forge the signature and name, as an indorsement of the warrant aforesaid, of the said John Trosclair, with intent to defraud; which said warrant aforesaid, bearing the forged name aforesaid, was paid to the said Arthur S. Woods, the said Arthur S. Woods well knowing the same to be false and forged."

The accused was tried, found "guilty as charged," and sentenced to imprisonment at hard labor in the state penitentiary for two years. He has appealed.

The record is bristling with bills of exception. We shall first consider the objections to the indictment:

No. 1. The accused moved the court to quash on the ground that the indictment was too vague and uncertain to inform him of the nature of the instrument alleged to have been forged, that there is nothing known under the law as a "school warrant," that the instrument should have been set out in full, and that the person to be defrauded is not named.

Counsel for accused in their brief say: "This indictment is vague, in this: That it fails to charge, in accordance with law, the forgery of an indorsement, for this reason: It does not allege that the warrant was payable to the order of John Trosclair, and without these words, 'payable to the order of,' the said warrant was nonnegotiable, and could not have been transferred to a third party, even by a genuine indorsement. The indictment is likewise vague in the charging of the crime of 'publishing,' etc., in this: that it fails to recite that A. S. Woods published, presented, and gave to J. R. O'Donohue, as true, the forged indorsement."

The specific objections raised by the demurrer were, first, as to the description of the instrument, and, second, as to the failure to name the person to be defrauded. The last objection is not argued, and the first is narrowed down to the contention that the defect in description consists in the failure to allege that the warrant was "payable to the order of John Trosclair."

Under section 1049 of the Revised Statutes, it is sufficient to describe the instrument alleged to have been forged or altered "by any name or designation by which the same may be usually known." It has been held by the English courts that "warrants" and "orders" for payment of money are synonymous. 2 McClain, Crim. Law, § 753.

"A warrant is an order for the payment of money." Black, verbo.

Hence the indictment describes an order for the payment of a particular sum of money to a particular person, and is therefore within the terms of the statute.

The accused, however, is not charged with the forgery of the warrant, but with the forgery of the name of the payee as indorser. The objection is that, as the indictment does not allege that the warrant was "payable to order" of John Trosclair, it does not appear that the indorsement was of any legal efficacy.

In State v. Clement, 42 La. Ann. 583, 7 South. 685, the order was not described otherwise than as an order for the payment of money, and it was charged that the accused forged an indorsement of a bill of exchange for the payment of money. The indictment did not charge whose name was forged. The court ruled that the indictment was good.

If, under the statute, it is not necessary to describe the forged order otherwise than by its usual name, it follows that its tenor or purport need not be set forth. Moreover, section 833 of the Revised Statutes, as amended by Act No. 67 of 1896, p. 99, covers "any indorsement of assignment," and does away with the technical distinction between an indorsement and an assignment.

We have been referred to no case since the adoption of the Revised Statutes of 1870 which holds that, where the forgery of an

indorsement is charged, it is essential to set out in the indictment that the instrument was payable "to order."

No. 2. The accused pleaded not guilty, and the case was called for trial and jury selected, whereupon counsel for the accused moved that the state be compelled to elect between the two charges included in the same count of the indictment, to wit, that of forgery, and that of publishing a forged document knowing the same to be false and forged. This motion was overruled, and the accused excepted.

It is very doubtful whether the indictment charges an uttering of the forged paper. The words "utter," "publish," "pass," or "dispose of" are not used, nor is it charged that the accused presented and gave the warrant to O'Donohue feloniously or with intent to defraud. According to the indictment, the accused presented and gave the warrant to O'Donohue, then feloniously forged the indorsement with intent to defraud, and then the warrant thus forged was paid to the accused, he knowing the same to be false and forged.

However this may be, the defect being apparent on the face of the indictment, the objection should have been urged before the jury was sworn. Rev. St. 1870, § 1064.

In State v. Clement, 42 La. Ann. 583, 7 South. 685, it was held that such objection could not be urged in arrest of judgment, citing Bishop to the effect that such objections were cured by verdict. If so, the matter is one of form and not of substance, and must be pleaded before the jury is sworn. In State v. Jacob, 10 La. Ann. 141, it was held that such a motion should be filed before pleading to the indictment. Citing Chitty on Crim. Law, pp. 248, 249.

No. 3. Bill of exception B was taken to the refusal of the judge to quash the venire on the objection that the jurors were ordered to attend on February 15, 1903, instead of February 15, 1904. This was a clerical error which was corrected on the minutes, and it is apparent that February 15, 1903, was an impossible date, as the order for the drawing was issued in December, 1903. This bill is referred to but is not discussed in brief of counsel for accused, and is without merit. The jurors were summoned to attend on the proper date.

No. 4. Counsel for the state propounded the following question to a juror examined on his voir dire, viz.: "If taken on this jury, do you feel that you can render a verdict according to the evidence and the law as charged to you by this court?"

Which question was objected to by counsel for the accused, "on the ground that the jurors are the sole and absolute judges of the evidence in the case, as well as of the law of the case, and they are not bound to take the law from the judge." The objections were properly overruled. They are not correct as abstract propositions of law, because they eliminate the functions of the judge in the trial of criminal cases, and they were premature, as the time had not come for the instruction of the jurors as to their powers and duties. The question in itself was not objectionable, as it assumed that the judge would charge the law correctly. Counsel also excepted to certain remarks of the judge in overruling the objections. While these remarks may have been uncalled for, there is nothing to show that they prejudiced the accused, because they applied with equal force to counsel on both sides.

We may dismiss the further consideration of these bills with the statement that there was no exception taken to the written charge of the court as to what extent the jurors were judges of the law. Bills Nos. 8, 9, 10, 11, and 12 set forth objections to certain jurors, which were overruled by the court, but it does not appear from the recitals of said bills or from the record that the ob-

jectionable jurors served on the jury which tried the case. Accused, therefore, shows no injury.

No. 6. Bill No. 16 shows that the accused objected to the admissibility of a warrant other than that charged in the indictment, and that his objections were overruled; but the recitals do not show that the warrant objected to was received in evidence. This, as well as other bills in the record, contains no reasons of the judge for his ruling, and this court is left in the dark as to the purpose and relevancy of the offering.

No. 7. Bill No. 17 recites that the accused objected to the admissibility of a certain document purporting to be the warrant charged in the indictment, on the ground of variance, in this, that the document offered was payable to John Trosclair "or order," while the warrant charged was described as payable to "John Trosclair."

Counsel for accused cite no authorities to sustain this contention. There can be no variance because of the omission of the words "or order," for the reason that the statute does not require the alleged forged document to be set out in full, or otherwise than by its purport or usual name.

In State v. Maas, 37 La. Ann. 292, the court said: "These former essentials are dispensed with, and it is now sufficient to describe the forged instrument by any name or designation by which it may be usually known, and neither a copy nor fac simile nor description otherwise of it or of its value is now necessary. Rev. St. § 1049." Bill No. 18 involves similar objections.

No. 8. Bills 19 and 20 do not show that the witness answered the questions objected to, even if the objection that the documents in the hand of the witness were the best evidence had any merit.

No. 9. Bill No. 23 recites an objection to the judge's asking a witness, "From whom did you get it?"—referring to the forged doc-

ument—on the ground that the question was uncalled for, and the accused was being tried for forgery, and not for publishing a forged document.

The bill recites that the State Attorney asked the witness, "Where did you get the document marked 'B'?"; that the witness hesitated, and asked if he could say, "I think," whereupon the judge propounded the question objected to by the accused. The trial judge has the right to question witnesses, and, unless the discretion is palpably abused, this court will not interfere. In the instant case, we can see no impropriety in the judge's question to a halting witness. The other objection is without merit, especially as the accused contended that he was charged with and tried for both offenses. Moreover, it does not appear that the question called for evidence which was not relevant to the charge of forgery. We might also add that the bill does not show what answer, if any, was made to the question.

No. 10. Bill No. 24 shows that the objection was made after the witness answered the question propounded by the district attorney. Moreover, the document referred to is not annexed to the bill, and we are not informed by its recitals whether or not it was the document alleged to be forged. Another bill refers to two warrants, one marked "A" and the other marked "B," the first issued to "John E. Trosclair" and the other to "John Trosclair."

The witness was asked the following question:

"Look at document 'A,' and state whose indorsement that is." The answer was: "I would recognize this to be the signature of John E. Trosclair." Then came the objection that the defendant was "accused of having forged the indorsement of John Trosclair, and not of John E. Trosclair."

This objection came too late, and, in the absence of proper recitals, we cannot pass

intelligently on the ground of objection, or say that the answer was prejudicial to the accused.

No. 11. Bill No. 25 recites an objection to a preliminary question as to "how many Trosclairs" there were teaching in the parish, and does not show that the state purposed to prove that there was "no John Trosclair on the rolls of the school board," or that "John Trosclair was a fictitious person," as suggested hypothetically in the objection. We assume that the question was put with the view of proving that "John Trosclair" and "John E. Trosclair" were one and the same person.

No. 12. After the judge had delivered his written charge to the jury, counsel for the accused requested him to give twelve special charges, which request was refused by the court, for the following reasons, viz.: "The above charges [special] are included in my written charge, hereto annexed for reference. Many of these are abstract propositions of law. Had no connection with the facts elicited on the trial."

The charge of the judge was full and fair, and was not excepted to. The bill of exception recites nothing more than the request to give the special charges, and the refusal of the judge to comply with the request.

Defendant was charged with the forgery of an indorsement on a school warrant issued by the parish school board to John Trosclair for the sum of $30.

In other words, he was charged with forging the name of the payee on the back of the instrument, with intent to defraud.

This being the issue before the court and jury, the counsel for accused requested the court to charge as follows:

"Forgery is the false making or material altering, with intent to defraud, of any writing which, 'if genuine,' might apparently be of legal efficacy or the foundation of a legal liability. See [State v. Murphy] 46 La. Ann. 421 [14 South. 920]."

This question of law arising on the face of the indictment should have been propounded in a motion to quash, as in the case cited, State v. Murphy, and not in an abstract proposition addressed to the jury on the trial of the case. The "legal efficacy" of the "school warrant" was not questioned. The definition of forgery given by the court is sanctioned by McClain, Cr. Law, § 744.

Special charges Nos. 2, 3, 4, and 5 are leveled at the indictment, and are abstract in their nature, and should have been raised by motion to quash, or demurrer, or by exception to evidence, and there is nothing to show that they were applicable to the facts proved on the trial. The proposition that the state must prove "that the forged indorsement has a similitude to the genuine signature of the party," if not erroneous, requires qualifications.

"It is sufficient if there be a bare possibility of imposing on another. * * * It is the intent to deceive, coupled with the possibility of success in deceiving, that makes up the offense." State v. Gryder, 44 La. Ann. 962, 11 South. 573, 32 Am. St. Rep. 358.

In that case the court said that the person defrauded might not know the signature of the party purporting to be the author.

Charge No. 6 is that forgery cannot be established by testimony of one witness, "who states that he has not seen the forgery committed, but in his opinion it is the handwriting of the accused." The jury was the judge of the sufficiency of the evidence to prove the alleged forgery. We know of no law which requires the testimony of two witnesses in such a case.

Charges 7 and 8 assumed that the forged document was not offered in evidence, but merely exhibited to a witness, and on this

assumption the judge was requested to charge that the accused be acquitted.

In this state the trial judge is prohibited by statute from expressing any opinion on the facts of the case. The jury was charged properly on the burden of proof resting on the prosecution to prove the forgery of the indorsement. The presumption from the verdict is that it was rendered on proper evidence, and this is accentuated by the judge's action in denying the motion for a new trial.

The last special charge referred to in the brief filed in behalf of the accused is as follows:

"The jury must decide, first, whether the indictment charges the crime of forgery under the law; second, whether the state has proven all the essential allegations of the indictment."

The question of the sufficiency of the indictment is never presented to the jury for its determination. It is a pure question of law, to be decided on the face of the indictment or information. The province of the jury is to determine the question of the guilt or innocence of the accused on the law and evidence as a whole.

The second proposition was embraced in the charge of the court.

### Motion for New Trial.

Counsel does not discuss the motion for a new trial, but refers the court to State v. Green, 7 La. Ann. 520. There is no evidence that the verdict was coerced by action of the court.

### Motion in Arrest

Is based on the same ground as the motion to elect.

We have carefully considered this case, and, finding no reversible error in the record, the verdict and sentence appealed from are affirmed.