(52 South. 238.)

No. 18,151.

STATE v. WHITE et al.

(April 25, 1910.)

*(Syllabus by the Court.)*

FORGERY (§ 7*) — SUBJECTS OF FORGERY — TRADE CHECK—"NOTE."

Since the enactment of Act No. 228, p. 345, of 1908, trade checks redeemable in merchandise are payable on demand in current money of the United States. Hence a trade check in the form of a promissory note payable to bearer in merchandise, if not an order for money, is a "note," within the purview of the statute against the forgery of notes, orders, etc.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 8–15; Dec. Dig. § 7.*

For other definitions, see Words and Phrases, vol. 5, pp. 4836–4839.]

Appeal from Twelfth Judicial District Court, Parish of Vernon; Don E. So Relle, Judge.

Hugh White and another were convicted of forgery, and appeal. Affirmed.

W. M. Lyles, for appellants. Walter Guion, Atty. Gen., and James G. Palmer, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

LAND, J. The three defendants were indicted for forgery and uttering as true a certain obligation, called a "trade check," for the payment of money, being for $1, drawn on Gulf Lumber Company in favor of bearer, and purporting to be signed on its face by W. L. Vernon, and to be indorsed on its reverse side by the letters "A. D. M."

The defendants pleaded not guilty, and two of them, having been convicted, have appealed from the sentence.

There was no motion to quash the indictment, but on the trial the accused requested the court to charge that the instrument referred to in the indictment was not a check or order, within the intent of section 833 of the Revised Statutes of 1870. The "trade check" reads as follows:

"We promise to pay bearer one dollar, two years after demand, in merchandise.

"[Signed]    Gulf Lumber Company,
                    "By W. L. Vernon."

On the reverse appear the letters "A. D. M."

The evidence shows that said letters are the initials of A. D. McClellon, and that he and W. L. Vernon were officers of the Gulf Lumber Company.

From the indictment, and the statement of the trial judge, it may be inferred that the instrument in question is in effect an order issued by the company on itself. The judge ruled that the instrument was an order payable under the law in cash, and came within the intent of section 833 of the Revised Statutes of 1870.

Act No. 228, p. 345, of 1908, provides that the makers of checks, tickets, tokens, or other devices redeemable in whole or in part in merchandise shall be liable on demand in current money of the United States. Hence the instrument, read in the light of the statute, is a perfect promissory note payable to bearer, and, whether considered as a note or an order, is within the purview of section 833 of the Revised Statutes of 1870.

Judgment affirmed.