(74 South. 633)

No. 22312.

STATE v. HILL.

(March 12, 1917.)

*(Syllabus by Editorial Staff.)*

CRIMINAL LAW ⊙═396(2) — EVIDENCE — THREATS OF ACCUSED—WHOLE CONVERSATION.

The substance of a conversation with accused four nights before the homicide in which he made threats to kill on certain conditions is admissible, though the witness stated that in relating the substance of the conversation the second time he remembered and repeated more than he did the first time, and that it might be that other things were stated in the conversation which he had forgotten, but he did not think he had omitted anything of importance; it being for the accused to bring out on cross-examination anything he may have said in that conversation in exculpation.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 862.]

Appeal from Fifteenth Judicial District Court, Parish of Allen; Winston Overton, Judge.

Leonard Hill was convicted of murder, and he appeals. Affirmed.

Daniel Wendling, of New Orleans, for appellant. A. V. Coco, Atty. Gen., J. H. Jackson, Dist. Atty., of Lake Charles (Vernon A. Coco, of Marksville, of counsel), for the State.

PROVOSTY, J. The accused was convicted of murder, sentenced to be hanged, and has appealed.

Annexed to a bill of exceptions is the following:

"Robert Dickens, being duly sworn for the state, testifies as follows: 'Q. Was Leonard Hill at your place any time prior to Thursday night? A. He was there Sunday night. Q. Did he have any conversation with you about Leona Booker? A. He did. Q. About how long did you talk? A. So far as I recollect, I don't know. Q. Do you remember substance of conversation? A. Yes. Q. Relate what you said. A. He called me out about 11 o'clock and told me that he loved Leona and wanted her to go back to him; that he had offered to get her a house at Mab, and she wouldn't accept; that he had offered her money to go home, and if she did not do either one of the two he was going to kill her; that if she did not do him anything good she would not do any one else any good, and if she was caught in company with a certain party he would kill both. He asked me to call her out to talk with him. I went inside and called her there. He went around the house to the back door. I told her Leonard wanted to see her. She told him she did not want to talk with him. He pleaded with her from outside to come out and talk to him. She told him he ought not come around and disturb people at that hour of the night. He again asked her to come out and talk with him. He said there must be some one else in the room. She said, "There is no one in here but me." He tried to force his way from the side. She gets up called me to stop him. I told him he should not do that; it wasn't right. He said, "All right," and then left.'

"Cross-examination of witness by counsel for defendant: 'Q. Are you sure that was all said? A. Something I might have forgotten. Q. You have repeated this story twice have you not? A. Yes, sir. Q. And you have stated some things second time that you did not state the first time? A. Yes; things that I forgot. Q. There may be a number of other things that you have forgotten? A. Probably so. (Counsel for defendant objects to this testimony on the grounds: First, that the witness admits that he may have forgot-

ten important things that were said, and admits further that upon repeating the story the second time he thought of and stated several things which were forgotten and left out in his first statement; second, on the ground that it is too remote in point of time for a part of the res gestæ and is therefore not admissible.) By the Court: Q. How long was the conversation before shooting? A. Four nights. Q. When you say that you may have forgotten something that was said do you recall anything that was forgotten, the substance of which you do not now remember? A. No, sir. Q. Do you feel as if you have left anything of importance out of the conversation? A. No, sir. Q. You think then you have given the substance of all that was said? A. Yes, sir. (The objection of counsel for defendant is now overruled, to which ruling defendant excepts.)' "

In State v. Vallery, 47 La. Ann. 182, 16 South. 745, 49 Am. St. Rep. 363, this court said:

"The witness states she cannot recollect all that the accused said, but is quite distinct as to the remark in question. The general rule is that the confession sought to be urged against the accused must be used in its entirety, so that he may have the benefit of any exculpation or explanation his whole statement may afford. Undoubtedly, where the confession offered was interrupted, or there are circumstances suggesting that the confession or declaration on the point involved was incomplete and would be modified if all that the accused said was before the jury, in all such cases the portion of the statement offered should be excluded. Here the declaration, preceding by only a short time the killing, appears to be complete as to the purpose. There is nothing to suggest or afford any basis for the inference of any qualification or modification. We think the tendency of the authorities in such cases is to let the testimony go to the jury, and that the objection is only to its effect, of which the jury is to judge."

In Fertig v. State, 100 Wis. 301, 75 N. W. 960, the court said:

"The rule that all parts of a conversation bearing on the subject in controversy must be taken together, and that, if the whole of it, in substance at least, cannot be given, so that its bearing on such controversy, from the standpoint of the party offering it, can be established, the whole shall be excluded, is familiar; but that does not require that a witness testifying to a conversation shall remember it all, either literally or in substance, but only that he shall remember that part relative to the controversy. If a witness can testify to a part of a conversation, sufficiently complete of itself to show its bearing on the fact in issue, or some evidentiary fact in the case, that is sufficient, though other things were said, which the opposite party may call out on cross-examination, so far as they in any way explain or modify that part testified to in chief, and though the other party to the conversation may be called and his version of it be given. The rule does not go so far as to exclude damaging admissions or declarations made in a conversation, because all said cannot be remembered. All the conversation, or the substance of it, which shows the bearing of the damaging statement as to the fact in issue, or the evidentiary fact sought to be established, must be given or all excluded; but, that being satisfied, the evidence is admissible."

In the case at bar, if the accused knew of anything he had said in the course of the conversation in question which might qualify the statement testified to by the witness, he should have called the attention of the witness to it on cross-examination. As the record stands, the parts of conversation which the witness may have forgotten were unimportant, or, in other words, did not qualify the statements testified to.

Judgment affirmed.

SOMMERVILLE, J., concurs.