Statement of the Case.
MONROE, C. J.
Defendant, through counsel appointed by the court, took this appeal from a conviction and sentence upon a charge of having forged a certain check for $6 (a further charge of uttering and publishing, having been nolle prossed, after conviction and prior to the appeal). The counsel so appointed reserved several bills of exception on the trial, and has filed an assignment of errors in this court.
In a motion in arrest of judgment, to the overruling, of which a bill was reserved, it is alleged that the indictment charges no offense under the law; that Act 204 of 1918, under which defendant was tried, is unconstitutional, in so far as the same relates to “checks,” “because the act does not set same out in its title, nor define the crime so called.”
In- the assignment of errors, it is said that the state cannot claim that the indictment was predicated upon any other law than the statute thus mentioned, since it was so recognized on the trial, and defendant was tried by a jury of five, as required under that statute. The questions thus presented involve something of a review of R. S. 833 and certain amendatory legislation, to wit:
[1] As it stood prior to the enactment of Act 67 of 1896, that section read as follows:
“Sec. 833. Whoever shall forge or counterfeit, or falsely make or alter, or shall procure to be falsely made, altered, forged, or counterfeited, or shall aid or assist in falsely making, altering, forging or counterfeiting any public record, any certificate or attestation of any public officer, in any matter wherein, his certificate or attestation is receivable, and may be taken as legal proof; any charter deed, will, testament, bond, letter of attorney, policy of *997 insurance or bill of exchange, and promissory-note, order, acquittance, or discharge for or upon the payment of money or the delivery of goods, any acceptance of a bill of exchange; or any indorsement or assignment thereof, or promissory note for the payment of money, any receipt for money or goods, or for any note, bill, or security for money or goods, or shall alter or publish as true any such false, altered, forged or counterfeited record, certificate or attestation, charter, deed, will, testament, bond, letter of attorney, policy of insurance, bill of exchange, promissory note, acceptance, indorsement, assignment, order, acquittance, discharge, or receipt, knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, or any body politic or corporate, on conviction, shall be punished by imprisonment at hard labor, for not less than two, nor more than fourteen years.”
Act 67 of 1896 bears the title:
“An act to amend and re-enact section 833 of the Revised Statutes of the state, and to define as a crime, and provide for the punishment of any person, who, with intent to defraud, shall be guilty of the forging, counterfeiting or falsely altering any ticket or other paper [and then follows certain matter relating exclusively to tickets and other writings] entitling, or purporting to entitle, the holder or proprietor * * * to passage upon any railway, * * * vessel or other public conveyance.” ,
The first section of the act reads, in part:
“Section 1. * * * That section 833 of thé Revised Statutes of the state of Louisiana be re-enacted so as to read as follows.”
Then follows the section 833, above quoted, totidem verbis, after which comes the new matter, relating exclusively to tickets, etc., calling for transportation on railways, vessels or other public conveyances and making the forging of the same punishable by imprisonment at hard labor — the remaining section of the act (2) containing merely the repealing clause.
Act 204 of 1918 is entitled:
“An act to amend and re-enact section 1 of Act No. 67 of * * * 1896, entitled [and then follows the title, in full, of the act of 1896, referring exclusively to tickets and writings relating to transportation on railroads and other public conveyances].”
Section 1 reads, in part:
“Section 1. * * * That section 1 of Act No. 67 of * * * 1896 * * * be amended and re-enacted so as to read as follows,” etc.
And then follows section 1 of the act of 1896, verbatim et literatim, save that “mortgage,” “contract,” and “check” are added to the many instruments, the forging of which is already made a crime (no change whatever being made as to tickets, papers, or other writings calling for transportation) and save also, that there is a proviso to the effect that, if the forgery be of a check, draft, promissory note, or order for the payment of money or order for merchandise, for an amount less than $20, the punishment shall be “not exceeding two years’ imprisonment, with or without hard labor.”
It will be seen therefore that, while section 833, having been re-enacted by Act 67 of 1896, retains its place and number as a section of the Revised Statutes, it does so only as thus re-enacted, with the additional provisions whereby the forging of tickets or papers calling for transportation on railways, etc., is made an offense, punishable by imprisonment at hard labor, and that Act 204 of 1918, purports to be an act amending the act of 1896, which is described (in the title of the act of 1918) by its title alone, which title describes the act of 1896 correctly as an act to amend and re-enact R. S. 833, by making it an offense to forge the tickets, papers, etc., mentioned in said title. The real purpose of the act of 1918 has, however, no connection with tickets for transportation, and the only changes which it purports to make in the act of 1896 bears upon that portion which re-enacts, without change, R. S. 833, and which contains no mention of such tickets or papers; that changes consisting merely of the addition, of “mortgage,” “contract” *999 and “check” to the many instruments which' that section made it • a crime to forge, and the addition of the proviso:
“That, if the forgery be of- a check, draft, promissory note, or order for the payment of money, or order for merchandise, where any of said instruments shall be for an amount less than twenty dollars, the person convicted thereof shall suffer imprisonment, either with or without hard labor, not exceeding two years.”
It was said by this Court in Williams v. Western Star Lodge, 38 La. Ann. 626, that:
“While it is true that new legislation upon a distinct and different subject-matter cannot be incorporated into an existing statute by way of amendment, -without mention being made of its object in the title, it is equally true that any subject-matter that is germane to the original text may be thus incorporated without being open to objection.”
It might be conceded, for the purposes of the argument that, under the title “An act to amend and re-enact section-of the Revised Statutes,” or, “to amend and re-enact article - of the Civil Code,” any amendment would be permissible that would be germane to the subject-matter of the section or article to be amended; but where, as in this case, a section of the Revised Statutes, having for its object the punishment and suppression of forgery, makes it a crime to forge any one of a considerable number of instruments that are enumerated, an act which by its title purports to amend such section only with reference to certain of the instruments so enumerated, and yet in its body makes no change with respect to the instruments so referred to, but purports to add to a class not referred to in the title, is misleading, and is within the doctrine that an amendment to a section of the Revised Statutes or article of the Code must be limited in its scope to the subject-matter of the section or article sought to be amended; and that in such case, the introduction of any new substantive mátter, not germane, or pertinent, to that contained in the original section, or article, cannot be regarded as an amendment thereto,, but is independent legislation upon a matter not expressed in the title of the act, and therefore void.
Beary v. Narrau, 113 La. 1038, 37 South. 961 (citing) State v. American Sugar Refining Co., 106 La. 565, 31 South. 181; Henderson v. Ortte, 114 La. 527, 38 South. 440; State v. Tolman, 124 La. 630, 50 South. 607, 134 Am. St. Rep. 514.
[2, 3] It may be argued that, as this court has, several times, held that a check is “an order for the payment of money,” within the meaning of the law penalizing forgery, the addition of that instrument, by the act of 1918, to those enumerated in R. S. 833, made no real change in the law, and that, if defendant is not to be punished, under that act, for forging a check, he may still be! punished under the section in question, as re-enacted, for forging an order for the payment of money. But by deliberately enacting the act of 1918 as an amendment to the existing law, the General Assembly seems to have ■ recognized a difference between a check and an order for the payment of money, otherwise the inclusion of the check as an instrument to be added to the enumeration in the existing law, which Included the “order,” would be a work of supererogation. Apart from that, the defendant has been tried by a jury of five, as for an offense pun) ishable under Act 204 of 1918, by imprisonment with or without hard labor (which further emphasizes the view that the text of the act is unauthorized by anything contained in its title), whereas, the pre-existing law imposes a penalty, which under article 116 of the Constitution, requires a trial by “a jury of twelve, nine of whom, concurring, may render a verdict.” Our conclusion, then, is, that the text of Act 204 of 1918 is broader than its title, in so far as it purports to add “check,” to the instruments *1001 enumerated in section 833 of the Revised Statutes,- as amended by Act 67 of 1896, and hence is unconstitutional in that respect, a conclusion which renders unnecessary the consideration of the other points which counsel for defendant has presented.
The conviction and sentence appealed from are therefore annulled, and the case is remanded, to be proceeded with according to law and to the view hereinabove expressed.
O’NIELL, J., dissents.