On Rehearing.
DAWKINS, J.
[4] Further consideration has convinced us that, even if it be conceded that in so far as the Act No. 204 of 1918 included the word “check” in its body without having been mentioned in the title, the amendment would to that extent be without effect, still there is ample provision in the law, both as it stood before the amendment and as it now reads, to support the charge in this case. It had been held, before the amendment in question, that the words “order for the payment of money” included a check. State v. Maas, 37 La. Ann. 292; State v. Clement, 42 La. Ann. 583, 7 South. 685; State v. Woods, 112 La. 617, 36 South. 626; State v. White, 126 La. 119, 52 South. 238. The mere fact that the word “check” is ordinarily used in speaking of an order for the payment of money drawn upon a bank does not affect the situation, for it is none the less such an order. A check may as well be drawn upon an individual, if the drawer has funds in such individual’s hands, or an agreement for its payment, as upon a bank.
We, therefore, conclude that the word “check” and an “order for the payment of money,” mean the same thing; that either term may be used in charging forgery; and that the including of checks in the act of 1918 added no new offense to the law as it then stood. The word “check” may be treated as surplusage.
It appears that the main purpose of the Legislature in passing Act 204 of 1918 was to provide a lesser penalty in cases where the amount represented or obtained was less than $20, in which case the imprisonment is with or without hard labor, and therefore to be' tried by a jury of five; whereas, under the law as it formerly stood, all convictions of forgery were penalized with hard labor. But this change in no wise affects the present case, since the accused was charged and tried in conformity with that act.
For the reasons assigned, our former decree is set aside, and the judgment of the lower court is now affirmed.
MONROE, O. J., dissents..