LAND, J.
 

 The defendant is charged with the forgery of a check for the sum of $68.90. She was convicted and sentenced to the state penitentiary for a term of not less than two nor more than three years, and has appealed.
 

 The errors of which defendant complains are set forth in a motion to quash, a motion in arrest, a motion for new trial, and in numerous bills of exceptions reserved to the admissibility of testimony,
 

 The indictment charges that “defendant * * * willfully and feloniously did falsely make a certain cheek (describing it), feloniously made and forged by the said Capitola Jackson for the purpose and with the intent to defraud said bank, and the same she attempted to utter and publish as true and genuine.” The indictment is confected under Act No. 204 of 1918, amending section 1 of Act No. 67 of 1896, which is an amendment of section 833 of the Revised Statutes relative to the forgery, and uttering and publishing as true the instruments therein enumerated.
 

 Section 1 of Act No. 204 of 1918 declares that—
 

 “Whoever shall forge or counterfeit, or falsely make or alter, * * * check, promissory note, order for the payment of money, * * * or shall utter or publish as true any such false, altered, forged, or counterfeited * * * promissory note, * * * order, * * * [omitting “check”] * * * knowing the same to be false,' altered, forged or counterfeited, with intent to injure or defraud any person, or any body politic or 'corporate, on conviction shall he punished by imprisonment at hard labor for not more than fourteen years; provided, that if the forgery be of a check, draft, promissory note, or order for the payment of money, or order for merchandise, where any of said instruments shall be for an amount less than twenty dollars, the person convicted thereof shall suffer imprisonment either with or without hard labor, not exceeding two years.”
 

 The motion to quash is predicated upon the grounds that the indictment charges no crime under our law, is bad for duplicity, and fails to properly charge scienter in connection with the uttering and publishing of the forged check or order.
 

 We find no brief or assignment of errors in the record in behalf of defendant. We are left, therefore, to mere conjecture as to the ground tliat the indictment charges no crime denounced by the law of this state.
 

 It is true that this court held in State v. Mayfield, 147 La. 994, 86 So. 421, that Act No. 204 of 1918, amending section 1 of Act No. 67 of 1896, was broader than its title in so far as it adds “checks” to the instruments designated in the law to be amended.
 

 However, the court in that case treated the amendment as to “checks” in Act No. 204 of 1918 as mere surplusage, and maintained the constitutionality of the act, as it contained also the words “order for the payment of money,” which meant the same thing as “checks,” citing State v. Maas, 37 La. Ann. 292; State v. Clement, 42 La. Ann. 583, 7 So. 685; State v. Woods, 112 La. 617, 36 So. 626; State v. White, 126 La. 119, 52 So. 238.
 

 An offense must be described in the words of the statute or its equivalents. State v. Breaux, 122 La. 520, 47 So. 876.
 

 As “check” is a word equivalent in import to “an order for the payment of money,” the indictment for the forgery of a “check” in this case is not amenable to the objection that no crime is charged, on the ground that the instrument alleged to have been forged is not one included in the statute as susceptible of forgery.
 

 Nor was it necessary to allege in what respect or particular the writing-' hád been tampered with or forged. It is sufficient tdcharge the crime of forgery in the words of
 
 *39
 
 the statute, as has been done in the instant ease. State v. Maas, 37 La. Ann. 292; State v. Tisdale, 39 La. Ann. 476, 2 So. 406; State v. Wingard, 40 La. Ann. 735, 5 So. 54.
 

 There is no doubt but that an indictment may set forth conjunctively in one and the same count both the forgery and the uttering and publishing as true of the same order or chock, as these are cumulative offenses denounced in the same clause or section of the statute. Act No. 204 of 1918. State v. Flint, 33 La. Ann. 1290; State v. Adam et al., 31 La. Ann. 717; State v. Markham, 15 La. Ann. 498; State v. Sturgeon, 127 La. 459, 53 So. 703.
 

 If the order or check was falsely made by defendant “with the intent to defraud said bank,” as charged in the indictment, she certainly had knowledge of the fact of its falsity, and this knowledge must have existed and accompanied her act, The indictment, therefore, charges sufficiently that defendant knew that the order or check was forged. State v. Hauser, 112 La. 315, 348, 36 So. 396.
 

 The true reason why that part of the' count relating to uttering and publishing as true the forged order or check does not set forth a crime is that defendant is not charged with uttering and publishing as true a forged instrument, but with an attempt “to utter and publish as true and genuine” the order or cheek which she is charged with forging.
 

 As Act No. 204 of 1918 does not denounce as a crime an attempt to utter and publish as true a forged instrument, this part of- the count may .be rejected as mere surplusage, and. the indictment otherwise must stand, as the crime of forgery is sufficiently set..forth therein.
 

 Complaint is made in the motion in arrest that the indictment does not follow the language- of the. -statute, and is insufficient because it does not set put in what particulars the check, .wps. .forged... We have passed upon these issues already in reviewing the motion to quash, and conclude that both motions were properly overruled by the trial judge.
 
 I
 

 The motion for new trial is based upon the errors assigned in the motions to quash and in arrest, - and also upon the ground that the verdict is contrary to the law and the evidence. The only questions of law presented by said motion have been disposed of in discussing the motions to quash and in arrest. .
 

 Bill of exception No. 1 was reserved to the overruling of the motion to quash.
 

 Bills of exception Nos. 2 and 3 contain objections to the offering of. evidence on the trial because of alleged defects in the indictment set out in the motions to quash and in arrest. These three bills have been discussed already.
 

 Bills of exception Nos. 4 and 5 rfecite. objections to the offering, at the trial, of ■other checks purported to have been forged or uttered by the defendant. .
 

 These checks were admitted by the -trial judge to show the existence of a system of forgery and uttering fake checks.
 

 It is well settled that evidence of independent or collateral offenses is admissible to show scienter and intent in cases of forgery and uttering forged instruments.
 

 It is admissible to show that, shortly before or after the fact charged, accused had made, or had held, or had uttered, similar forged instruments to an extent that renders it improbable that he should have been ignorant of the forgery. 1 Wharton, Crim. Ev. (10th Ed.) §§ 35, 36, pp. 135, 136, 137, 138, 139, 140.
 

 “When the object is to show system', subsequent as well as prior collateral offenses can be put in evidence, and from such system identity or intent can often be shown. The question is one of induction, and the larger- the number of consistent facts, the more completé, the induction is.' v The. timé
 
 *41
 
 of the collateral facts is immaterial, provided close enoughuto indicate that they are a part of the system.” 1 Wharton, Orim. Ev. (10th Ed.) § 39, pp. 146, 147.
 

 The ruling of the judge a quo in admitting in evidence other forged checks is correct, and is approved.
 

 Bill of exception No. 6 was reserved to the exclusion of-' a sheet of paper containing all the names written on the several checks introducéd in evidence, including the forged check for $68.90, with the name “Mary Williams” written also on the sheet of paper by defendant.
 

 The state witness had testified that he saw the defendant indorse forged check for $68.-90, and the purpose of introducing the sheet with the names thereon was to show that the witness had gotten the matter confused in his mind, and might be mistaken in the handwriting of the accused.
 

 The trial judge excluded the sheet of paper on the ground that the state witness had testified that he saw defendant write the indorsement on the forged check, and did not testify from his knowledge of her handwriting.
 

 As the sheet of paper was later admitted in evidence, and used in the examination of witnesses, and referred to in argument, the defendant was not prejudiced by the ruling excluding the sheet in the first instance.
 

 Bill of exception No. 7 was reserved to the offer by the state to prove that defendant had written the various indorsements on the various checks in blue ink, such as was in a fountain pen belonging to defendant. The ground of objection was that the bank at which the indorsements were written by defendant did not use blue, ink, and that the evidence offered was inadmissible, unless it was first shown that the fountain pen was never out of the possession of defendant.
 

 As the objection goes to the effect and not to the admissibility of the evidence;'the ruB ing of the trial judge' admitting the evi: dence was correct.
 

 Bills of exception Nos.' 8 and 9, reserved to the admission in evidence of the- Kinbro check for the sum of $’58',- áre predicated upon two grounds, to wit:
 

 (1) The same objections are urged as stated in bill of exception No. 1, i. e.; no offense is charged in the indictment, duplicity, etc. ' . ,
 

 (2) That the Kinbro check for' the sum of $58 is a different transaction at a different time, and therefore an independent or collateral offense, and not admissible in evidence.
 

 The bills are without merit for reasons .already stated in this opinion;.;
 

 of exception No. 10 was reserved to the testimony of the sheriff on the ground that the officer had related What Mf. Sutton, a state witness, had said' out of court in the ■presence of accused.
 

 The sheriff testified as follows:
 

 . “Mr. Sutton said to her: ‘You told me you got that check from Leon Pierre.’ I' said, ‘What have you got to say about that,. Capítola?’ She said, T did not tell him that.’ ' I asked her several times, and she denied that she got.it from Leon Pierre. She insisted to the last that this strange lady at the train gave it to her — a lady whom she did not know.”
 

 The sheriff was testifying to a conversation between defendant, Sutton, and himself.
 

 If the accused knew of- anything she. had said in the course of. the- conversation in question which might qualify the statement testified to by the sheriff, she should have called his attention to it on cross-examination. ’ State v. Hill, 141 La. 67, 74 So. 633.
 

 Defendant does not state the ground of her objection to the admissibility of testitestimony of the sheriff. If such testimony was incorrect or incomplete, defendant could also have called witness1 witness1 Sutton to thé stand, or could ha,ve' testified .herself, and placed.
 
 *43
 
 the entire conversation, and her version of it, before the jury. The bill is without merit.
 

 Bill of exception No. 11 relates to the motion for a new trial, and has been considered already.
 

 We find no reversible errors in the trial of the case.
 

 The conviction and sentence are therefore affirmed. '
 

 O’NIELL, O. J., dissents from the ruling on bills 4, 5, 8, 9, and 10.