2 So.2d 895

**STATE v. MASON.**

No. 36177.

May 26, 1941.

L. S. Montgomery and A. M. Richmond, both of Shreveport, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport, for the State.

ROGERS, Justice.

Defendant, Roy E. Mason, alias E. A. Mason, alias Edward A. Morse, is charged with forging and uttering an instrument purporting to be a completion certificate signed by Dewey Dunn. He was convicted and sentenced to imprisonment in the penitentiary for a term of not less than four nor more than twelve years. From his conviction and sentence, defendant has appealed.

The error of which defendant complains is set forth in a motion in arrest of judgment.

The information charges that defendant:

"Did, with intent to injure and defraud, forge and utter and publish as true a certain instrument purporting to be a comple-

tion certificate, and purporting to be signed by Dewey Dunn, of which instrument the following is a copy, to-wit:

## "Completion Certificate

"Notice to Borrower—Do not Sign this Certificate until the Work is Satisfactorily Completed.

"I (We), the undersigned, hereby certify that all articles and materials have been furnished and installed and the work satisfactorily completed in accordance with my application for a loan on the premises as indicated below and pursuant to the provisions of Title 1 of the National Housing Act as amended, 12 U.S.C.A. § 1702 et seq.

"The undersigned hereby authorizes detachment of my (our) note and, if said note is undated, hereby authorizes the C. I. T. Corporation to insert the date hereof or any later date as the date of said note.

"November 8, 1940.    Dewey Dunn
"Date    1702 Bush Ave.
"Address of property improved."

The motion in arrest is founded on two grounds, only one of which is relied on by defendant in support of his appeal, namely, that the information does not charge him with any crime known to the laws of this State. Defendant contends that the instrument described in the information is not one of the instruments covered by the statute denouncing forging and uttering.

The record discloses that the defendant, Mason, entered into a contract with Dewey Dunn to enlarge and roof a house owned by Dunn in Alexandria, Louisiana. In order to finance the contract, Mason induced the

C. C. Hardman Company of Shreveport, from which he was buying materials, to join with Dunn in obtaining a loan of $1,-170 from the C. I. T. Corporation, also located in Shreveport. The C. I. T. Corporation, which arranged to finance the transaction through the Federal Housing Administration, would not release funds to Mason, the contractor, until a completion certificate signed by Dunn was presented, certifying that all articles and materials had been furnished and installed and that the work was satisfactorily completed in accordance with the application for the loan. In this situation the defendant, Mason, presented to J. N. Jackson, the vice president of the C. C. Hardman Company, what purported to be a completion certificate signed by Dunn. Jackson endorsed the purported certificate in the name of the C. C. Hardman Company and Mason then presented the purported certificate to the C. I. T. Corporation and obtained its check for $1,-170, made payable to the C. C. Hardman Company. At this time the contract with Dunn was only about fifty per cent completed and later it cost an additional $700 or $800 to finish the work. Mason obtained the release of the check issued by the C. I. T. Corporation, payable to the C. C. Hardman Company, by giving his personal check for the amount due by him to the Hardman Company for materials furnished by that company. After cashing the check of the C. I. T. Corporation and obtaining the funds which it represented, Mason left the State. The personal check which he gave the Hardman Company was not paid by the bank on which it was drawn.

The information in this case is based on Act 136 of 1934, page 487, which punishes on conviction "whoever shall forge * * * any * * * order for the payment of money, acquittance or discharge for, or upon the payment of money or delivery of goods, * * * any receipt for money or goods, or for any note, * * * or shall utter or publish as true any such * * * forged * * * order, acquittance, discharge or receipt, knowing the same to be * * * forged * * * with intent to injure or defraud any person, or any body politic or corporate * * *."

Our statutes dispense with the setting out in the indictment or information of any copy or facsimile of the forged or published instrument, it being sufficient to describe the instrument by the name or designation by which it is usually known. Code Crim.Proced., arts. 227, 233, and 236.

It is true that only instruments named in the statute can be made the subject of a charge of forgery. State v. Brown, 175 La. 357, 143 So. 288. But it is also true that an instrument can be made subject to a charge of forgery, if it is one of the instruments covered by the provisions of the statute although it is not specifically mentioned therein under its common or usual name. Among the instruments made the subject of forgery under the provisions of the statute are receipts for money or goods, or for any note, or acquittances or discharges for, or upon the payment of money or the delivery of goods.

An inspection of the instrument, which the defendant is charged with forging and uttering and which is set forth in the bill of information, discloses that it is a receipt for goods and for a note and that its purpose is to grant an acquittance or discharge for, or upon the payment of money or the delivery of goods, which are among the classes of instruments mentioned in the forgery statute. The bill of information describes the instrument as a "completion certificate," which is the name by which it is usually known, instead of attempting to describe it by any technical designation, and sets out in full a copy of the instrument.

This Court held in the case of State v. Woods, 112 La. 617, 36 So. 626, that an indictment charging the defendant with forging an endorsement on a school warrant was a sufficient description although the words "school warrant" did not appear in the forgery statute. The Court held that "school warrant" is synonymous with an order for the payment of money; that the indictment described an order for the payment of a particular sum of money to a particular person, and was therefore within the terms of the statute.

This Court held that an instrument referred to in an indictment as a "cheque" was a sufficient description of the instrument although that word did not appear in the statute. State v. Maas, 37 La.Ann. 292. This Court held in the case of State v. Boasso, 38 La.Ann. 202 that an indictment charging the forgery of "a certificate of marriage" was sufficient, although those words did not appear in the statute. And in the case of State v. Mayfield, 147 La. 994, 86 So. 421, 422, this Court held, on re-

hearing, that the "check" referred to in the indictment was synonymous with the words "order for the payment of money," and was a sufficient description of the instrument. This ruling was affirmed in State v. Jackson, 163 La. 34, 111 So. 486.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., dissents.