## STATE *v.* BENJAMIN BUTMAN.

It is not necessary, in charging an offence in an indictment, to follow the words of the statute, it is sufficient if it be distinctly charged in other words.

Although the defendant in a prosecution for libel, may prove the truth of the charges that gave rise to the prosecution, yet evidence of common reports, or of publications in newspapers upon the subject, is inadmissible.

A party is just as much responsible, criminally and civilly, for giving currency to slanderous and libelous reports, and publications, as if he had originated them. His only excuse in such a case, is to show the truth of the charges preferred, and not the truth of the preferment, by others, of such charges.

The extra-judicial declarations of the person against whom the libel was preferred, are not admissible in evidence, as the admissions of a party, he being merely a witness in the prosecution. It is otherwise in a civil suit, which the injured party may institute for the recovery of damages.

When the defendant, for the purpose of discrediting the witness, offers to prove these statements, after directing the latter's attention to the fact that they had been made, the evidence is admissible.

APPEAL from the District Court of the Parish of St. Tammany, *Beale, J.*

*T. J. Semmes*, Attorney General, for the State. *A. P. Field* and *H. Duncan*, for defendant and appellant.

VOORHIES, J. The defendant is appellant from a judgment imposing upon him a fine of one thousand dollars, for the crime of libel, of which he was adjudged guilty by the verdict of the jury.

He asks relief upon three distinct grounds :

1. He sets up error in the first place, that the indictment does not follow the

words of the statute. This is not necessary, if the substance of the offence be given; and, although it is safe to charge it in the terms of the statute, it is now well settled, that any words that will convey substantially the ingredients of the offence, will suffice. *State* v. *Stiles,* 5 An. 324 ; *State* v. *Smith,* 5 An. 340 ; *State* v. *Vanderlip,* 4 An. 444.

The indictment charges distinctly, that *Benjamin Butman* acted maliciously ; that he wrote and published defamatory language, and gives specifically the language used in the alleged libel. The allegation that various other language in defamation was written and published by the defendant, must be considered as surplusage, the charge of libel being otherwise distinctly enunciated.

2. The defendant had the right to prove the truth of the accusations which gave rise to this prosecution. But evidence of common reports or of publications in the newspapers upon the subject, is inadmissible. In giving currency to slanderous and libelous reports and publications, a party is just as much responsible, criminally and civilly, as if he had originated the defamation. His only excuse, in such a case, is to show the truth of the charges preferred, and not the truth of the preferment by others of such charges. Act 1855, p. 152, s. 14.

The District Judge, therefore, did not err in ruling out the testimony offered by the defendant to prove the currency of the rumors and the fact of the newspaper publications.

3. The person, against whom the libel was preferred, being merely a witness in the prosecution, his extra-judicial declarations were not admissible in evidence as the admissions of a party. It is otherwise in a civil suit, which the injured party may institute for the recovery of damages. The ruling of the court *a qua* in rejecting evidence of statements made by *W. H. Merritt,* the injured person, was in accordance with the rules of evidence in a criminal prosecution for libel.

Had the defendant, for the purpose of discrediting the witness, offered to prove these statements, after directing the latter's attention to such statements having been made, the evidence would have been admissible. Such, however, is not the case presented by the bill of exception.

The prisoner was fined in the sum of one thousand dollars, and in default of payment, ordered to be incarcerated until the fine and the costs be paid. The maximum of imprisonment is not to exceed one year. Act of 1855, p. 151, s. 4.

It is, therefore, ordered and adjudged, that the judgment of the lower court be avoided and reversed, and that this case be remanded, with instructions to the District Judge to pronounce sentence upon the accused upon the verdict of the jury according to law.