See State vs. Henderson, 32 An. 779.

---

## No. 965.

STATE OF LOUISIANA VS. MARY JANE HENDERSON, ALIAS WILLIAMS.

| 32 | 779 |
| 51 | 1223 |

Act No. 54 of the Legislature of 1880, providing for the qualifications and for the selection of jurors throughout the State, is not violative of Articles 29, 30 and 47 of the Constitution of 1879.

| 32 | 779 |
| 114 | 640 |

| 32 | 779 |
| 119 | 371 |

A PPEAL from the Fifth Judicial District Court, parish of Richland. Richardson, J.

| 32 | 779 |
| f122 | 518 |

F. G. Hudson, District Attorney, for the State, Appellee.

John H. Dinkgrave for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J. The defendant, having been tried, convicted, and sentenced in the Court a qua, takes this appeal and seeks to have the indictment quashed and the verdict and sentence reversed, on the grounds : that the grand jury, by which the indictment was found, was not drawn

according to law, there not being fifty days intervening between the drawing and empaneling of such grand jury, as required by Act No. 44 of 1877, and that the Act No. 54 of 1880, in accordance with which the said grand jury was drawn and empaneled without said intervening space of fifty days, is unconstitutional, null, and void.

The objection was properly presented in the lower court, first, on a motion to quash the indictment, and, afterward, on a motion in arrest of judgment, both of which were overruled.

It is not disputed that the requirements of act 44 of 1877 were not complied with, and, if the case is governed by that law, it is settled that the non-compliance is fatal to the indictment and all subsequent proceedings.

State vs. Smith, 31 An. 406.

The drawing and empaneling of the grand jury, however, were in accordance with the provisions of section 2 of Act 54 of 1880, and if that act is constitutional, the errors assigned in behalf of defendant have nothing to rest on.

The constitutional objections urged are as follows :

1.   That the act is violative of article 29 of the Constitution of 1879, in that *all* its objects are not embraced in its title.

This provision of our present Constitution requiring that "every law shall embrace but one object, and that shall be expressed in its title," has existed in prior Constitutions of this State, and in the Constitutions of many other States of the Union, and has been the subject of frequent judicial interpretation.

The universal tenor of the decisions in this and other States establishes,

First.   That the mischief designed to be prevented by the provisions are, 1st, to obviate confusion in legislation by mingling in the same act entirely distinct and heterogeneous provisions ; (Walker vs. Caldwell, 4 An. 298) ; 2d, to prevent *hodge-podge* or *log-rolling* legislation, bringing together in one bill diverse subjects with a view to combine in the support of the entire bill the advocates of each particular provision; People vs. Mahaney, 13 Mich. 494 ; 3d, to prevent surprise or fraud upon the Legislature or the people, by smuggling provisions into bills of which the title gave no intimation, and which might, therefore, be carelessly and unintentionally adopted.

13 Mich. 494.

Second.   That this constitutional provision is to be construed liberally, so as to confine its operation to cases within the fair scope of the motives for its adoption and the mischief sought to be remedied thereby.

The whole subject matter is well discussed in Cooley on Const. Lim-

itations, pp. 141 *et seq.* Keeping the foregoing principles in view, let us examine the act in question. The title is: " An Act to carry into effect article 116 ; to provide the qualifications, and for the selection of competent and intelligent jurors throughout the State." Article 116 of the Constitution refers exclusively to the selection of juries. The sole subject of the act, therefore, is juries ; its sole object is the selection and qualifications of jurors ; and no object not directly connected with the constitution of juries is embraced in either the title or the act itself. The title of an act is not invalidated because it specifies several particular objects, all of which are properly referable to, and subdivisions of, a single general object. Thus, if the title had been " an act relative to juries " or " to provide for the constitution of juries," it would have covered provisions relative to qualification, selection, and all other details. And, so, if the title provides for the qualifications, selection, and any other details for the constitution of juries, these particulars do not form manifold objects, but are grouped together and form but a single general object.

We think the term " selection," as used in article 116 of the Constitution and in the title of this act is broad enough to cover provisions for the *drawing* of juries.

It is evident that the meaning of article 116 of the Constitution is to require the Legislature to pass general jury laws.

The word " selection " has no exclusive or sacramental application to the act of jury commissioners in choosing the persons to constitute the general venire list. It is equally applicable to the subsequent act of the same commissioners in choosing, by drawing from the general venire box, the names for service as grand and petit jurors. These two acts are merely successive steps in the process of ultimate " selection."

Webster defines the word " selection " to be " the act of choosing and taking from among a number." It would be hypercritical to say that the word strictly implies the element of choice or preference, which is absent from a mere drawing by chance. In common parlance, we often hear of choosing or selecting by lot.

We are bound to presume that the Legislature intended to use the word in its broadest signification, and to cover the " drawing " of the juries, since, otherwise, it would destroy the constitutionality of the provision ; and words used in legislative acts are not to be subjected to nice philological criticism, when they are susceptible, according to general use, of a meaning consistent with constitutional requirements.

Second. It is claimed that the act violates article 30 of the Constitution, in amending a general law by reference to its title.

There is nothing in this objection. It does not amend any law nor refer to the title of any law. The words at the beginning of section two

of the act, viz.: "That jurors shall be drawn in the manner provided by law; provided "—are mere surplusage, and only a self-evident proposition. They may be stricken out without altering the effect of the section, and there remains a complete and independent provision amenable to no objection under this article.

Third. It is charged to be violative of art. 47 of the Constitution, because it enacts a special and local law by the partial repeal of a general law.

Not so. The provision of section two of the act is not a local or special law. It applies throughout the State, and to all cases falling within its terms.

It applies to every District Court, in any parish of the State, the term of which is fixed by law for the first Monday of April, 1880.

The subjects of general legislation necessarily admit of classification, and the act only becomes special when it discriminates between cases in the same class.

There remains to be noticed a bill of exceptions taken to the ruling of the judge in allowing two witnesses to testify, whose names did not appear on the indictment and had not been served on the prisoner.

We find no authority sanctioning such ground of exclusion, and think the ruling of the judge was entirely correct.

It is therefore ordered that the judgment appealed from be affirmed.