BREAUX, C. J.
Plaintiff sues to have a sale annulled of certain real estate belonging at one time to the community which existed between the late Mrs. Celina David and her surviving husband, Theogene Daigle.
Plaintiffs are heirs of the late Celina David, who died in the year 1897. Some of the heirs were majors and the others minors at the time of the sale attacked by plaintiffs.
The grounds urged by plaintiffs to set aside this sale are that there was no necessity for the sale as neither the community nor the estate of Celina David owed any debts; and they particularly declared that there were no debts due to her surviving husband, Theogene Daigle, and they add that the property was sold for the payment of amounts due to Theo-gene Daigle, paraphernal property of said Daigle, and other claims set up by Daigle. They charged that collusion and fraud were resorted to and which resulted in the sale attacked, that the pretended sale was without consideration, and that Theogene Daigle was the real purchaser, although the name of Honoré Barrousse appears as purchaser; that Barrousse was a mere interposed person.
The defendants, on the other hand, controvert these allegations to annul the tax sale, by averring that all of the proceedings leading up to the sale and at the sale in question were in due form; that not only the record shows a paraphernal claim in favor of the husband, Theogene Daigle, in the sum of $1,100 but other debts are shown by a tableau made part of the answer; that the interest of the heirs, plaintiffs in this suit, was residuary only, and that in consequence they have no cause to complain; that the estate was insolvent; that a family meeting was convened and advised the sale which was homologated.
The issues are simplified a little by inserting the following from the plaintiffs’ brief:
“At the outset, we wish to disabuse the mind of the court of the impression that we are seeking .to annul and set aside the alleged sale on the ground of any irregularity in the probate proceedings, or for the reason that the tutor could not purchase at such a sale, either directly or through a party interposed. We make no such contention.”
But they add that the ground of their attack is alleged in their petition.
The district judge in his opinion upon which the judgment is based states that he found no ground alleged for setting aside the sale, and adds that the property is owned by majors and minors, and that it was sold by a tutor acting as administrator, and that this cannot be done.
He cites Succession of Dumestre, 40 La. Ann. 571, 4 South. 328.
Further that on the death of the wife the children inherit subject to the debts of the community, and that the tutor has no authority to dispose of the property in the manner attempted in this instance. The decree of the court accordingly annuls the sale attacked. The property is declared to belong to the estate of Celina David, to be held subject to the payment of all debts of the community due to or paid by Honoré Barrousse or Theogene Dai-gle, and that in the meantime prescription is suspended or interrupted, and that the property is hereafter to be sold, if necessary, in *467 proper proceedings for the settlement of the community debts, and the rights of plaintiffs to recover rents and revenues, if any rights they have, are reserved.
Counsel for defendants state in their brief that they have not appealed from that portion of the judgment rendered upon the issues as presented in the pleadings; that is, in the petition and answer. They express approval of the judge’s decision to some extent, but object to it “upon the point raised by the Judge himself as we do not think it well taken.” None the less they state in their brief that they do not deny the right of the judge to decide the case upon the point arising from the record, but question the correctness of his conclusion regarding the nullity of the sale on the ground decided; that is, that the tutor had no right to sell.
The immovable property belonging to the community between Theogene Daigle and his late wife was appraised at $1,740; movable property at $997.50 — total, $2,737.50.
The whole, every particle of it, was adjudicated on the 29th day of September, 1890, to the alleged interposed person. There were a number of lots all adjudicated to him, and together brought the sum of $1,990.50, which was an amount less than the appraisement. From the foregoing it will be seen it was a purchase omnium bonorum.
The tutor never filed a tableau of debts, or sought to make proof of the least claim for the payment of which he now contends the property was sold, except recently in this suit attacking the sale.
The adjudicatee was not a serious bidder. He did not comply with the adjudication. By agreement with the natural tutor the so-called buyer bound himself to deliver title to the tutor at some future time.
This adjudicatee was the undertutor of the minors, so that this agreement was between the tutor and the undertutor.
The latter was also, it seems, a creditor of the community, and sought through this agreement to protect his claim as a creditor.
We infer that the tutor was not willing to take any chances; for there is a counter letter in evidence, signed by the adjudicatee, passed before a notary public, in which the adjudicatee declared that he had bought the immovable property at the succession sale; that the .counter letter was intended to show, to quote from this counter letter:
“That the items thus apparently purchased by him are not his property. * * * It is the property of Theogene Daigle, to whom he will make out title whenever required to do so by said Daigle, he having bid in his name, as the said Theogene Daigle was adjudicating the property as the natural tutor.” •
. We pass without comment the fact that Daigle, the survivor of the community, had the right to buy community property sold at public auction; but we do say that such an agreement as is proven in this case cannot be made between the tutor and the under-tutor of the children and confer a valid title. The adjudicatee did not for himself or for his principal Daigle comply with the bid.
The family meeting by whom the sale was advised recommended that the property be sold for cash. The terms of sale were for cash which no one paid, and it follows that the bid was not complied with. There was, in consequence, no consideration and no price.
Minors’ property must be sold in accordance with the terms fixed by the court. It cannot be made the basis of a sale with the right to redeem; i. e., a right to redeem retained by the tutor personally for his benefit.
The ground upon which the case was decided in the district court is equally as fatal. The tutor did not represent the major heirs. He could not dispose of their right in the property. Nothing shows that the major heirs consented to the sale, or that they in any way authorized Theogene Daigle, the tutor of the minors, to sell their property. The tutor had qualified to represent the minors. *469 That did not give him the right to sell the property without giving the least notice to the majors.
The sale as to these majors was a nullity, the effect of which is to annul the whole sale.
In this court the appellees answered the appeal and asked for the reversal of the judgment in so far as it orders- that the property be held subject to the payment of all the debts of the community, and in so far as it orders the property to be sold if necessary for settlement of the community debts; and that the judgment be further amended by fixing and determining the amount of the community debts and other claims. Appellees even ask us to look into and decide the question of compensation and extinguishment of indebtedness. This we must decline to do.
This being a suit to annul and set aside the sale, we shall grant the prayer and affirm the judgment appealed from annulling and setting it aside, and decreeing that the property be returned to the owner before the sale, free of any claim to it under the said adjudication, and no further.
With reference to the debts and the prescription referred to in the judgment appealed from, we will not decide that question at this time. The only question before us is whether the sale be valid vel non. That question we have decided.
The judgment of the district court is affirmed to the extent that it annuls the sale of September 29, 1890.
It is therefore, ordered, adjudged, and decreed that the judgment be affirmed to the extent just stated. In other respects it is avoided, annulled, and reversed. The costs of appeal to be paid by appellee, those of the district court by defendant and appellant.