BREAUX, C. J.
Relator asks us to review the proceedings in this case in accordance with his petition for a writ of certiorari.
We are called upon to construe Act No. 85, p. 124, of the General Assembly of 1886. This is the first time that this act is before us for consideration.
The relator was brought before the court to answer to an information against him. As the form of the information is of some importance, we insert here the second paragraph of that instrument:
“That one, L. J. Breaux, being a physician and practitioner of medicine, at the parish aforesaid,' on the thirteenth day of September-. 1908, said day being a Sunday, did wilfully and lawfully prescribe spirituous and intoxicating liquors for D. Arcenaux, when said spirituous liquors were not administered by the said L. J. Breaux, physician and practitioner aforesaid, in case of sickness, as provided by law.”
The defendant was tried before the judge of the district court, found guilty, and sentenced under the terms of the statute.
During the trial he interposed the defense, on motion to quash the information, that Act No. 85, p. 124, of 1886, is in contravention of article 31 of the Constitution; that this act violates the Bill of Rights, as it imposes cruel and unusual punishment; that it provides for a greater punishment for the person aiding and abetting than for the person actually committing the crime.
In the alternative the defendant urged that Act No. 85, p. 124, of 1886 embraces more than one object, to wit, the maintenance of the liquor license.
We copy the third ground literally:
“If the Court should hold that the above grounds are not well taken, then in that case *517 tlie Court must construe said Act So of 1886 •as embracing more than one object, which is expressed in its title, and in this case the information filed herein is void by reason of the fact that it does not set out an act as in violation of the laws of Louisiana as said Act 'has for its object the maintenance of the liquor license of the State of Louisiana and has no connection with and makes no reference to -what is known as the Sunday Law.’’
After tbe relator bad been convicted, be ■moved tbe court to arrest judgment, urging as grounds tberefor tbe matters set forth in -tbe motion to quash, and, further, that tbe bill of information charged no offense defined by, known to, or penalized under tbe laws of Louisiana.
Before this court relator alleged that be was without other remedy, and for that reason tbe rule nisi was issued in accordance with his petition.
The motion to quash was overruled, we think properly. We will now state our reasons for thus holding:
They are that Act No. 85, p. 124, of 1886 is legal and constitutional; that the title has, and also the statute, but one object, and that •relator has no good ground to allege that either the title or the statute has two objects. The act prohibits a physician or practitioner from prescribing intoxicants in the attempt to evade or to assist any person in .evading the payment of any license required by the state or corporation, either parochial ■or municipal; that any one thus offending shall be guilty of a crime, and upon conviction shall be fined not less than $100 or more than $500, and be imprisoned not less than 30 days and not more than 4 months.
The title and the body of the act: The .dual objects alleged:
The title does not contain an extended reference to every detail and every minor object forming part of the object itself of the statute. It clearly indicates the purpose. It specifies all that is necessary in a title.
The statute is directed against any physician or medical practitioner who prescribes to the end of enabling persons to evade .the payment of a license. In the second part of the statute the terms are directed against the practitioner who evades, or assists persons who evade, any law or ordinance by selling intoxicants.
There is oneness in so far as the offending practitioner is concerned; there is only one purpose — it relates exclusively to the practitioner before mentioned.
• In furtherance of the purpose, the same penalty is imposed against a physician who assists in evading the payment of a license or in the other violation of the statute, forming its second part.
This does not afford a ground to set aside the statute as having two objects. In this instance it has only the one object before stated, and, although in its application it relates to a class of offenders, it does not take away from the statute its oneness.
-Moreover, jurisprudence has not heretofore held, even where there are different special objects, if they form part of one object, that it is objectionable to the extent of rendering the setting aside of the statute necessary.
The laws regarding registration are of that character — election and other statutes — and their constitutionality has been maintained.
This court has decided that particular objects in a statute forming part of a general object are not good ground to decree nullity. State v. Henderson, 32 La. Ann. 781.
The Sunday law: -
The point is made here that Act No. 85, p. 124, of 1886 is independent of the Sunday law, and does not refer to and is not connected with it.
Conceding for the argument that it does not, it yet remains that the law prohibits a physician from prescribing intoxicants in violation of law as stated in the statute.
That prohibition is effective in order that the state may collect its licenses, and it is equally as effective in order that other laws *519 Oh the' subject of prohibition, he nót Vibláted.;
if the act ‘was committed on "a ’Sunday, it 'then violates'the "Sunday ‘law. If "bn’ electionj day, 'or "any other 'day or 'place when orj ‘Where iiljudr should not be'sbid, it-iis equally as violative of the law.
At this'point the defense is that from‘the viewpoint ‘ above the law "ha's two objects, 'thereby reiterating a '-pirevious 'ground íe-¡ garding the dual objects of'the law. !
The Sunday-law'has‘not a'purpose ^o en-; 'tirely ■ distant and'‘apart from'the‘liquor’li-cence law, or local''ordinances’passed in-pursuance of section'1211‘Of-the Revised Statutes, that another and a "subsequent statutq canhot be-adopted so'as to make!'surer pun-ishmeht for its Violation without‘its'bein^ amenable to the charge-of 'containing two objects, in violation of the ' Constitution, j
The defense'seeks to bring Act No. 83,-p: 122, of 1886'into the discussion,'amending section 910 'of' the Revised Statutes. >
The contention' is that Act No. 85,-p. 124, 'supplements the above-cited enactment, and that this latter act should be construed with the former as it ■ relates - to the-collection-of licenses, to which the defense would limit the effect of the cited act; that it is ■ only ■ in case a physician violates or assists in violating the law relating to licenses that he is to be prosecuted.
We do not agree with that contention. The Act (No. 83, p. 122) serves an independent purpose, and provides for the protection of those who have acted in good faith in practicing medicine in case of sickness. It cannot be linked to the more recent act in order to defeat the latter in its purpose to punish medical practitioners who go out of their way to prescribe as before mentioned.
We therefore conclude that the motion to quash was properly overruled, and that all points save one were properly decided. The error relates to the “intent,” without which in this case there is no crime.
The Motion in 'Arréíst, and the ’Point That' ■the One Offense was Not'Decided.
The complaint presented by this motion was:t-hat-the defendant'was not charged'with áh offense defined by,‘known'to, or penalized by the laws of the state.
The bill'of information above did not follow-the language-of the statute, nor any language equivalent to - that of the statute denouncing the crime.
•The'defendant is charged with-having prescribed -intoxicants -without the additional necessary element ‘-‘with intent to-assist others to evade the payment of a license required by-any state law or by any ■ parochial or municipal ordinance.”
■Nor did the pleader charge the defendant under the second part of the statute. This second - part might have been omitted if the-defendant were prosecuted under the first part of the statute.
In the absence of an information or indictment containing the elements to constitute the offense, we are constrained to hold' that the information is insufficient in substance and deficient in form.
This court clearly says in Ackerman Case, 51 La. Ann. 1213, 26 South. 80:
“An indictment under a statute ought with certainty and precision charge the defendant with having committed the acts under the circumstances and with the intent mentioned in the statute. If any of the ingredients are missing, the indictment is not good.”
It has been repeatedly held that an offense must be described in the words of the-statute, or its equivalents. State v. Styles, 5 La. Ann. 328; State v. Munco, 12 La. Ann. 625; State v. Butman, 15 La. Ann. 166; State v. Richards, 33 La. Ann. 1294; State v. George, 34 La. Ann. 261; State v. Samuels, 38 La. Ann. 457.
The “intent” of the statute, an essential averment, was not included in the charge. Not only the “intent” is not alleged, 'there is no equivalent word to “intent” used.
The intent is a matter of substance. Cen *521 tury Digest, yol. 27, § 256, p. 257. The intent is descriptive, and must appear in the indictment. Bishop’s New- Or. Pr. p. 621. Any intent which the statute creating an offense expressly mentions, must be averred— •“a rule believed to be without exception.” Bishop’s New Or. Pr. p. 524. See Knobloch’s Digest of Criminal Law, pp. 232, 233, 236:
If any one of the ingredients is omitted, it is ground for a motion in arrest of judgment. Knobloch, p. 235. Criminal intent omitted, fatal. State v. Read, 6 La. Ann. 227; State v. Durbin, 20 La. Ann. 408.
No alternative is left; the information is null, and it is so held.
It is therefore ordered, adjudged, and decreed that the sentence in this case and the judgment are null and void. The rule is made absolute.