<hr/>

(56 South. 519.)

No. 19,023.

STATE v. CLAXTON et al.

(Nov. 13, 1911.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 400*)—EVIDENCE—BEST AND SECONDARY EVIDENCE.

On the hearing of a motion to quash an indictment on the ground that one of the jury commissioners was also the holder of another office at the time of the drawing of the jurors by whom the defendants were to be tried, an objection to parol testimony to prove the alleged fact was properly sustained. The Constitution and the law require all officers, "before entering upon the discharge of their duties," to take a prescribed oath, which is to be recorded in a book to be kept for that purpose. No one becomes an officer until he complies with that requirement, and whether it has been complied with or not is a matter of

record, and cannot be proved by parol testimony, when such testimony is objected to.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 879, 886; Dec. Dig. § 400.*]

2. CRIMINAL LAW (§ 595*)—CONTINUANCE—GROUNDS—EXCLUSION OF EVIDENCE.

Where the defendant in a criminal prosecution goes to trial on a motion to quash the indictment, and oral testimony, offered in support of the motion, is excluded, he is not entitled of right to a continuance in order to enable him to obtain record evidence, particularly where the existence of the fact relied on appears to be conjectural, and there is no assurance of a reasonable expectation that it can be established.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 595.*]

3. INDICTMENT AND INFORMATION (§ 137*)—INDICTMENT—SUFFICIENCY.

Where an indictment for murder, after charging that crime, proceeds to recite that the person slain was a deputy sheriff, acting in the discharge of his duty, "to wit, attempting to arrest the said ——, charged with crime, viz., threatening to kill and assault with a dangerous weapon and carrying concealed weapons," such recital is unnecessary, but cannot be held to operate to the prejudice of the defendant. The unnecessary language might be stricken out as surplusage, and its presence does not authorize the quashing of the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 137.*]

4. JURY (§ 116*) — SUMMONING — QUASHING VENIRE.

Where a procès verbal in a criminal case to be tried at a special term of court shows that the jurors for service on the petit jury were regularly drawn, the objection that such procès verbal fails to show that the names in the general venire box had previously been legally supplemented is not good. If there had been any illegality in the previous supplementing of the names, the defendant should allege and prove it. A venire is not, however, to be quashed merely for irregularities or noncompliance with all the literal requirements of the statute in the matter of selecting and summoning jurors; but only where fraud or wrong which would work irreparable injury are alleged and proved.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 116.*]

Appeal from Ninth Judicial District Court, Parish of Madison; F. X. Ransdell, Judge.

Will Claxton and another were convicted of murder, and appeal. Affirmed.

David M. Evans and Geo. Spencer, for appellants. Walter Guion, Atty. Gen., and Jeff. B. Snyder, Dist. Atty. (G. A. Gondran, of counsel), for the State.

MONROE, J. Defendants prosecute this appeal from a conviction of murder and sentence of death.

[1] 1. They moved the trial court to quash the indictment on the ground that W. S. Coltharp, a member of the jury commission, was also a member of the board of aldermen of the village of Tallulah, and hence that the jury commission was illegally constituted. It appears that the court convened in special session for the trial of defendants on July 12th, and that the case was then set down for July 17th, when the state and the defendants announced that they were ready for trial. Defendants then filed the motion here in question, and, through their counsel, announced that they were ready to proceed with the hearing of the same, and the hearing was begun. They then sought to prove by the oral testimony of Mr. Coltharp that he held both of the offices mentioned in the motion, which was objected to, on the ground that parol testimony was inadmissible, not being the best evidence obtainable, and the objection was sustained, whereupon counsel for defendants asked for a continuance until the following day, in order to enable them to obtain from the office of the Secretary of State a certified copy of Mr. Coltharp's oath of office as alderman, and the continuance was refused, to all of which ruling a bill was reserved.

The Constitution and the law require all officers, "before entering upon the duties of their respective offices," to take a prescribed oath, which oath, subscribed by the affiant, is required to be deposited in the office of the Secretary of State, or, in the case of parish officers, in the office of the clerk of court, and there recorded, in a book to be kept for that purpose. Const. art. 160; R.

S. § 2550. One does not, therefore, become an officer until he complies with the constitutional and legal requirements thus referred to, and, whether he has so complied, is made, by the law, a matter of record, and hence cannot properly be proved by oral testimony, when such testimony is objected to. [2] As to the refusal of the court to grant the continuance asked for, the judge states that the motion to quash came too late; that it should have been filed on the first day of the term; that no extreme circumstances were shown calling for a departure from the rule on that subject; and that the continuance could not properly have been granted, thereby retarding the progress of the trial, in order to enable counsel to obtain testimony which might have been obtained before. For aught that appears, the idea that Mr. Coltharp was holding the two offices mentioned was merely conjectural, and it is hardly probable that the matter could have been settled by the obtention, on the next day, in the parish of Madison, of any admissible evidence from the office of the Secretary of State in Baton Rouge; nor is there anything in the record, save the statement in the bill of exception (that "counsel for the accused asked for a continuance until the following day in order to permit them to secure from the Secretary of State a certified copy, showing that the said Coltharp was a member of the board of aldermen"), to show when such evidence could have been obtained, or that there was any reasonable hope of obtaining at all the evidence needed to sustain the motion. The motion to quash was therefore properly overruled.

[3] 2. Another motion to quash was filed on the ground that the indictment contained certain extraneous matter, forming no part of the crime charged, and operating to defendants' grievous and irreparable injury. The indictment, after charging the murder

of Warren Robecker, contains the following, which is the language complained of, to wit:

"He, the said Robecker, then and there being a deputy sheriff of the parish of Madison and engaged in the performance of official duty, to-wit—attempting to arrest the said Will Claxton, charged with crimes, viz., threatening to kill, and assault with a dangerous weapon, and carrying concealed weapons."

The matters thus set forth were admissible in evidence on the trial, and, though unnecessary to the indictment, cannot be held to have operated to the prejudice of the defendants. The unnecessary words might have been stricken out as mere surplusage. State v. Butman, 15 La. Ann. 166; State v. Richardson, 45 La. Ann. 693, 12 South. 749; State v. Savant, 115 La. 226, 38 South. 974; Marr's Cr. Jur. p. 416.

[4] 3. There was an objection to going to trial, based on the ground that the procès verbal of the jury commissioners failed to show that "the names drawn, to supplement the names in the box, previously drawn, were drawn by the jury commissioners in the presence of witnesses required by law." The procès verbal that we find in the record shows the drawing from the general venire box of the names of 30 jurors for service at the special term of the court which was about to be held, as provided by section 4 of Act No. 135 of 1898. It does not show, and could not be expected to show, the proceedings of the jury commissioners at previous meetings, when the box was originally filled, or when, from time to time, the names were supplemented. The presumption is that the general venire box had been filled originally, and had been supplemented as the law (Act No. 135 of 1898, § 6) requires, and, if the defendants believed that the law had not been complied with, they should have made proof of their allegation to that effect. Moreover, it has been held by this court that:

"Under the statute of 1898 (No. 135), a venire is not to be quashed merely for irregularities or for noncompliance with the literal requirements of the law in the matter of selecting and summoning jurors, but only where fraud has been practiced, or some great wrong committed, in the selection and summoning of the jury, that would work irreparable injury." State v. Batson, 108 La. 486, 32 South. 478; State v. Sheppard, 115 La. 942, 40 South. 363; State v. Sturgeon, 127 La. 459, 53 South. 703.

The motion which we are now considering suggests neither fraud nor injury, and was properly overruled. We find no error in the rulings complained of, and it is accordingly ordered, adjudged, and decreed that the conviction and sentence appealed from be, and the same are, hereby affirmed.