(67 South. 7)

No. 20884.

STATE v. WOODWARD.

(Nov. 30, 1914.    Rehearing Denied Jan. 11, 1915.)

*(Syllabus by the Court.)*

JURY ⬤⟿59, 82—JURY COMMISSION — NOTIFICATION—OBJECTIONS TO VENIRE.

Where the clerk of the district court notified by mail a member of the jury commission to attend a meeting on the next day, and the only reason he did not attend was because the carrier delivered the notice to the commissioner's wife, and she did not deliver it to him until too late in the day, *held*, that the notification was sufficient, and, moreover, that the defendant was not prejudiced by the absence of the commissioner.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 268–272, 282, 307–309, 331, 332, 348, 359, 367, 380; Dec. Dig. ⬤⟿59, 82.]

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; George Wear, Sr., Judge.

Samuel B. Woodward was convicted of shooting with intent to kill, and appeals. Affirmed.

Wear & Jones, of Jena, for appellant. R. G. Pleasant, Atty. Gen., and S. L. Richey, Dist. Atty., of Jena (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. Defendant was convicted and sentenced for the crime of shooting with intent to kill.

He has appealed, and relies for reversal upon a single bill of exception taken to the refusal of the judge to quash the venire for the week, on the ground that George Ship, one of the jury commissioners, had not been duly notified to attend the meeting at which the venire had been drawn.

The per curiam of the judge reads as follows:

"It was discovered on Thursday of the first week of court that in order to dispose of the business before the court that a jury for the second week would be necessary; the court issued an order to the clerk to convene the jury commission as early as possible and draw a jury for the second week. The clerk summoned all the jury commission to be present on the next day at 1 o'clock, and they were all present at that hour except Commissioner Ship. The clerk notified him by letter, which letter was mailed on the day the order was given and reached him the next day at 1:15 o'clock. Ship not having appeared with the other commissioners, the drawing of the jury was delayed until some time after 4 o'clock p. m., in order that he might be present. It appears from the note of evidence taken that Ship was not at home when the notice reached there, but had he been at home he would have received the notice in time to have participated in the drawing of the jury. The clerk, fearing that the letter or notice mailed would not reach him in time, tried to telephone him to be present, and, failing in that, sent a special notice by deputy sheriff, which notice reached Ship about 4 o'clock.

"The necessity for the second week's jury was brought about by the action of the defendant, who evaded the court in order to avoid the service of the venire of the first week which he is entitled to before trial, and the sheriff succeeding in finding him hid under his house, which is in the town of Columbia where court was being held, on Thursday of the first week, the day on which the order for the second week's jury was given.

"The notice as given through the mail reached the said commissioner's home in time to have enabled him to have been present and participated in the said drawing, according to his own testimony, and in view of the fact that every effort possible was made in order that his presence might be had, the court is of opinion that he was duly notified as is contemplated by law."

Mrs. Ship received the notice about 1:15 p. m., but her husband was at work in the fields some distance from his house, and did

not receive the notice until about 5 p. m. Mr. Ship stated that if he had received the notice at 1:15 p. m. he could have arrived at the courthouse by 4 o'clock of the same evening. As it was, Mr. Ship left for Columbia as soon as he received the notice, but arrived too late to participate in the drawing of the jury.

Mr. Ship lived on a rural delivery route, and he or some member of his family met the carrier every day for the purpose of receiving mail.

Under section 3 of Act 135 of 1898, a jury commission consists of six members, including the clerk of the district court, and any three members, together with the clerk, constitute a quorum; provided that all the members shall have been duly notified by the clerk of the time and place designated by him for the meeting of the commission. Of course, the law contemplates a notification in due time to afford an opportunity to members to participate in the business of the commission. State v. Thomas, 50 La. Ann. 151, 23 South. 250; State v. McClendon, 118 La. Ann. 796, 43 South. 417; State v. Kellogg, 104 La. 584, 29 South. 285.

In State v. Bouvy, 124 La. 1054, 50 South. 849, it was held that the failure to notify a member of the jury commission, because of his absence from the parish, was not sufficient cause to set aside the venire; and the court, inter alia, said:

"The defendant was not prejudiced by the absence of the jury commissioner. There is no rule or principle requiring the setting aside of a verdict on the ground urged. It did not work injury."

See, also, State v. Kellogg, 104 La. 584, 29 South. 285.

In the case at bar the jury commissioner was duly notified by mail, and did not receive the notice in time because he was not at his house, and his wife did not carry or send the notice to him. The clerk of the district court was very diligent in his endeavors to notify the jury commissioner, using the mail, the telephone, and, finally, a special messenger.

The defendant suffered no prejudice whatever in the premises, and his objections to the venire are without merit.

Judgment affirmed.