ST. PAUL,'J.
The defendant appeals from a conviction for murder, and has reserved several bills of exception, of which the following only need be noticed:
Bill No. 3.
The accused moved to quash the petit jury by whiqh he was to be tried, on the ground that one of the jury commissioners had not been notified to attend the drawing. Section 3 of Act 135 of 1898. '
The testimony taken on the trial of this motion, though not physically attached to the bill, has been included in the transcript by the clerk of court as required by Act 113 of 1896. State v. Halaby, 148 La. 1, 86 South. 561.
Prom that evidence it appears that the only effort to serve this jury commissioner was that the notice to him was made out by the clerk and given to the sheriff. The latter testified that he made no diligent effort to serve it, but only telephoned to the jury commissioner’s home, and when he was told that he was not at home he made no further effort, and was not asked to do so. It is in evidence elsewhere that this commissioner had been at times absent from the parish. But it is also shown that he was also present in the parish at times; and it is not shown that the commissioner’s whereabouts were not known, or that he could not have been reached by mail or otherwise.
In State v. McClendon, 118 La. 794, 43 South. 417, it was held that notice must be served on all commissioners, as a condition precedent to the right of a lesser number to act, citing State v. Kellogg, 104 La. 584, 29 South. 285.
In State v. Bouvy, 124 La. 1054, 50 South. 849, it was held that it was sufficient to make reasonable effort to notify a commissioner who could not be found. In State v. Sturgeon, 127 La. 459, 53 South. 703, it was held sufficient to mail the notice to the commissioner’s proper address, even though he did not receive it. In State v. Woodward, 136 La. 291, 67 South. 7, every reasonable effort had been made to serve the jury commissioner in time.
But in the case before us, the sheriff made no effort whatever to deliver the notice at the commissioner’s home, where the latter might have found it; nor did he make any effort whatever to find the whereabouts of the commissioner, or to advise the clerk, so that the latter might make some other effort to notify the commissioner.
We think the petit jury was improperly selected. Nor is there any merit in the contention of the state that the objection to the jury should have been made before arraignment. The law requires that such objections should be made before the trial commences. Act 135 of 1898, § 16. But “by the term ‘trial’ is generally intended, in the criminal law, the actual trial of the prisoner by the jury, and not the arraignment and pleading preparatory to such trial.” State v. Butler, 114 La. 596, 601, 38 South. 466, 467 ; 16 Corpus Juris, 781.
Bill No. 5.
The defendant objected to the jurors being asked whether they had “any conscien *303 ti'ous scruples against inflicting the death penalty, where one negro is charged with having murdered another,” on the ground that it tended to create’a distinction between a white man and a negro, and placed a lower valuation on the life of a negro when compared to that of a white man, thus unnecessarily prejudicing the jury against this defendant.
We see no merit in the objection. Such were the facts which the district attorney expected to prove, and he had the undoubted right to know from the jurors whether under those facts, if proved, they had any scruples against following the law. The fact that jurors might or might not be unwilling to inflict the death penalty under other and different circumstances was quite immaterial for the purposes of this case, and the district attorney very properly refrained from injecting any such issues into the case. His question could not, and did not, inject any race issue into the trial; on the contrary, he was clearly informing the jury that no such issue could arise in the case.
Bill No. 2.
This bill raises the question of the competency of the commissioner aforesaid to act as jury commissioner because of his alleged removal from the parish. Aside from the fact that evidence shows that this commissioner had not removed from the parish, we have this day handed down an opinion (State v. Smith, 96 South. 127) [1] in which we hold that jury commissioners being public officers, their status cannot be collaterally attacked.
Other Exceptions.
These appear ■ to us without merit: hut they raise no issues likely to arise in any new trial of the defendant, and hence need not be noticed.
Decree.
The judgment appealed from is therefore reversed; and it is now ordered that the defendant be granted a new trial.

 Post, p. 577.