177 So. 260

**STATE v. MILTON.**

No. 34518.

Nov. 2, 1937.

John Dale, Sr., and L. D. Dale, both of Vidalia, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Jesse C. McGee, Dist. Atty., of Harrisonburg, and S. R. Holstein, of Winnsboro, for the State.

PONDER, Justice.

The defendant, Dave Milton, was tried and convicted on a charge of murder and sentenced to be hanged, from which conviction and sentence defendant prosecutes this appeal.

During the course of the trial four bills of exceptions were reserved to the rulings of the trial court.

Bill of exception No. 1 was taken to the overruling of a motion to quash the entire jury array. The defendant's counsel contended that the jury term was a special jury term and that the defendant could not be tried for a capital offense except at a regular jury term. The State contended that the jury term was not a special jury term but a continuance of the regular jury term of court.

Bill of exception No. 2 was reserved to the ruling of the court in overruling a motion to quash on the ground that the grand jury and petit jury were improperly drawn by three members of the jury commission, for the reason that all the members of the jury commission had not been duly notified of the time and place of the meeting of the jury commission as required by law.

Bill of exception No. 3 was reserved to the overruling of the motion for a continuance. The motion was based on the absence of one of the counsel for the defendant. The defendant contended that the absent counsel was the chief counsel. The State contended that the absent counsel was not the chief or leading counsel, but one of the counsel for the defendant.

Bill of exception No. 4 was reserved to the court's overruling a motion for a new trial.

From the facts in this case bill of exception No. 2 presents a serious question. In the per curiam of the trial judge it is stated that the clerk of the court testified that the notices to the jury commission were not mailed but that they were made out in writing upon the afternoon before the date set for the meeting of the jury commission and these notices were delivered to the sheriff for service. It is also stated in the per curiam that the sheriff testified that he served the notices upon three of the jury commissioners the night before the jury commission was to meet and that on the morning of the day of the meeting of the jury commission he sent his car and colored driver with notices to the two remaining members of the jury commission. It is also stated in the per curiam that the sheriff testified that he could not testify of his own knowledge that the remaining members of the jury commission had been served with these notices but that his driver reported to him that they were served. It is also stated in the per curiam that the counsel for the defendant contended that the sheriff testified that he did not remember whether his driver returned from the serving of these two notices before or after the meeting of the jury commission, but the court is unable to recall or recollect the evidence to have been to this effect.

Article 176 of the Code of Criminal Procedure of Louisiana reads as follows:

"Three members of said commission, together with the Clerk of the District Court, shall be a sufficient number to perform the duties of the Jury Commission, provided that all members shall have been notified by the clerk of the District Court of the time and place designated by him for the meeting of the Commission, which notification shall appear from the certifi-

cate of the clerk in case of the absence of any member thereof."

It is to be noted that article 176 of the Code of Criminal Procedure provides that three members together with the clerk constitutes a quorum, provided that all members are notified. In other words, from our reading of this article it appears that three members and the clerk would constitute a quorum only in the event that all members of the jury commission were notified. We are unable to find any decision interpreting article 176 of the Code of Criminal Procedure since its adoption, but, upon review of the jurisprudence of this State prior to the adoption of the Code of Criminal Procedure, we find decisions of this court interpreting section 3, Act No. 135 of 1898. We find that section 3, Act No. 135 of 1898, contains the provision: "Provided all the members shall have been duly notified by the Clerk of the District Court of the time and place designated by him for the meeting of said commission, [etc.]," which is the same provision contained in article 176 of the Code of Criminal Procedure.

In the case of State v. Kellogg, 104 La. 580, 29 So. 285, 287, the court stated, viz.:

"that the act of 1877 contains the provision that 'three members of said commission shall be a sufficient number to perform the duties imposed by this act,' whereas what may be called the corresponding paragraph in Act No. 135 of 1898 has, superadded, the following language, to wit, 'provided all the members shall have been duly notified by the clerk of the district court of the time and place designated by him for the meeting of said commission,' etc. This difference is not the result of accident, but signifies the intention on the part of the lawmakers that the six persons who, under the statute, are to constitute the body known as the 'jury commission,' shall be placed in a position to participate at one and the same time in the work of that commission, even though, when that is accomplished, four out of the six may constitute a quorum, with authority to prosecute that work."

In the case of State v. White, 153 La. 300, 95 So. 776, where it appeared from the evidence that the only effort to notify a jury commissioner of a meeting of the jury commission was a telephone communication to the member's home and, upon being told that commissioner was not at home, no further effort being made to notify the jury commissioner, the court granted a new trial. In the case of State v. Ramoin, 160 La. 850, 107 So. 597, the court held that the district judge properly quashed the panel ex proprio motu and ordered a new panel drawn, where it was shown that one of the members of the jury commission had not been notified in time to be present at the meeting of the jury commission.

It is true that this court has held that timely notification by mail to the members of the jury commission is sufficient and that, where reasonable diligence has been exercised to notify the members of

the jury commission, the failure of a member to be present would not invalidate the proceedings.

 There was no effort made to notify the two members of the jury commission until the day of the meeting of the jury commission and it is not shown that the two members were ever notified. Where the notice is not timely given by mail or otherwise in order that the members of a jury commission would have an opportunity of being present at the meeting of the jury commission, there would have to be some affirmative proof that the members of the jury commission received notice of the meeting. As stated in the case of State v. Kellogg, supra, the provision that the members should be notified was not a result of accident, for the reason that Act No. 44 of 1877 contained no such provision and that when Act No. 135 of 1898 was passed this provision was embodied in the act. Article 176 of the Code of Criminal Procedure contains the same provision that notice must be given to all the members in order that three members and the clerk may constitute a quorum.

Having arrived at the conclusion that the motion to quash the entire jury array and venire should have been sustained, there is no necessity to recite the facts pertaining to bills of exceptions No. 1 and No. 3 or to pass upon them.

For the reasons assigned, the verdict, sentence and indictment are annulled and set aside.

HIGGINS, J., takes no part.